CHANCERY.

# Harrow *et al. vs* Farrow's Heirs.

APPEAL FROM THE CLARKE CIRCUIT.

7bm 126
129    847

7bm126
137    49   *Case 38.*
138    81

*Attorney's at Law. Warrant of Attorney. Release of judgments.*

*October 12.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

Case stated.

A judgment was rendered at the September term, in favor of John Doe, on the demise of Harrow and others, against Farrow's heirs, for five sixths of 120 acres of land, under the mandate of this Court, founded upon a

verdict found in favor of the lessors in 1825, with a stay of execution till the next term of the Court, by consent of parties.  At the September term, 1831, Henry Daniel, the attorney of the lessors, appeared in Court, and acknowledged satisfaction of the said judgment, and agreed that execution should never issue thereon, which was entered of record.  In May, 1837, a *scire facias* was sued out by the lessors of the plaintiffs, to revive the judgment.  The defendants appeared and pleaded the entry of satisfaction aforesaid, and consent that execution should never issue on said judgment; the plaintiffs replied that Henry Daniel had no legal authority to make said entry.  Upon the trial of the issue, it appeared that one of the numerous lessors had employed Henry Daniel to bring suit against the defendants for about two thousand acres of land, embracing the land recovered, giving him authority to compromise the same, and agreeing that he was to pay all costs, and have one half of the land recovered.  Daniel, by agreement with the defendants, for six hundred dollars in Commonwealth's paper, paid to him, all of which he retained and applied to his own use, and which at the time, was about one sixth of the value of the land, made the entry aforesaid on the record.  The jury found a verdict for the plaintiffs, and a motion for a new trial being overruled, and judgment rendered thereon, the defendants have appealed to this Court.

We are perfectly satisfied that Daniel had no authority as mere attorney, to make said agreement or entry.  He had no power as such to release the judgment, nor to chaffer with the opposite party, and receive money or any other thing, in satisfaction of a judgment for land.  Though he remains the attorney while the judgment may be executed without new proceedings under his warrant to sue, such continuance of his power is for the enforcement of the judgment, and not for its release or extinguishment.  Nor can it make any difference or add any superior sanctity to the arrangement, that it was entered of record in open Court.  And if it be conceded that the authority to compromise the suit, made by one of the lessors, might give authority to compromise after judgment, which may be well doubted, it being the argrement of

*An attorney at law has no authority to release a judgment obtained by him for his client, without a new warrant, he remains attorney while the judgment may be executed without new proceedings, for the enforcement of the judgment, not for its release.*

one only of the numerous lessors, it could not authorize the compromise that was made, surrendering the whole land jointly recovered.

The instructions given by the Court to the jury, as to their right to take into consideration, under the facts proven, whether Daniel was authorized by the other lessors to make the compromise, were as favorable to the defendants as they should have been.

The judgment of the Circuit Court is, therefore, affirmed.

*Hanson and French* for appellants; *Harlan & Craddock and Apperson* for appellees.