## Jenkins v. City of Bowling Green.

(Decided Dec. 13, 1935.)

STOUT & HERDMAN for appellant.

J. FRANK DENTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Allen Jenkins brought this suit against the city of Bowling Green to recover damages for the breach of an agreement compromising a pending action against. the city. At the conclusion of the evidence, the trial court directed a verdict in favor of the city, and Jenkins appeals.

The facts developed by the evidence for appellant. are: He had brought suit against the city to recover $825 damages for injury to certain lots alleged to have been caused by changing the grade and negligently constructing the street on which they abutted. With one exception, the cause was continued from time to time at the instance of the city. At the May term, 1933, the case was called for trial and the parties. announced ready. Before entering into the trial, appellant and his attorney were called into an anteroom by the attorney then representing the city, and with.

the concurrence of the mayor the suit was compromised, the city agreeing to fill in appellant's lot to a depth of 30 inches with good dirt, and back a distance of 100 feet from the street, and appellant agreeing to dismiss the suit. At that time the city was engaged in excavating for sewers, and the work of filling was to be completed by the first of the year following. It was announced in the court that the suit had been dismissed settled, but no order to that effect was entered. Thereafter the street foreman, pursuant to an order of the mayor, entered upon plaintiff's lot, cut some bushes and sprouts, removed some trees, and began the work of filling as required by the settlement. Some eight or ten loads of good dirt, amounting to 10 or 15 cubic yards, were spread upon the lots. There is evidence to the effect that the work of filling was stopped for the reason that appellant had violated the agreement, and for this reason the city attorney had no recommendation to make to the council.

The propriety of the court's action in awarding the peremptory turns on the validity of the compromise agreement. If invalid, the peremptory was proper. If valid, the peremptory should not have gone. The compromise was not authorized or ratified by ordinance. Its validity turns on the authority of the city attorney, acting with the approval of the mayor. It always has been the rule in this state that, in the absence of special authority, an attorney is without power to compromise a case. Givens v. Briscoe, 3 J. J. Marsh. 529; Harrow v. Farrow's Heirs, 7 B. Mon. 126, 45 Am. Dec. 60; Savings Institution of Harrodsburg v. Chinn's Adm'r, 7 Bush, 539; Brown v. Bunger, 43 S. W. 714, 19 Ky. Law Rep. 1527; Cox v. Adelsdorf, 51 S. W. 616, 21 Ky. Law Rep. 421; Benedict v. Wilhoite, 80 S. W. 1155, 26 Ky. Law Rep. 178. The only exception to the rule is in case of an emergency where the circumstances are such that the attorney is obliged to act without delay, and there is no time or opportunity for consultation with his client. 2 R. C. L. 998; City of Louisville v. Murphy, 86 Ky. 53, 5 S. W. 194, 9 Ky. Law Rep. 310; Gibson v. Nelson, 111 Minn. 183, 126 N. W. 731, 31 L. R. A. (N. S.) 523, 137 Am. St. Rep. 549. The same is true of the mayor of the city. He has no power to authorize or control litigation on behalf of the city unless the emergency be serious and the necessity grave and impending, and where no such emergency exists,

he is without authority to employ an attorney to assist in the prosecution of the suit. City of Owensboro v. Weir, 95 Ky. 158, 24 S. W. 115, 15 Ky. Law Rep. 506. The appellant insists that this case falls within the exception, and a greater emergency is presented than in the case of City of Louisville v. Murphy, supra. In that case the council failed to impose any tax, and the city was without means. The officials were proceeding to collect the tax without any ordinance. The city council was not disposed to move one way or the other. The assistant city attorney advised action of some sort by the mayor. He was in doubt as to the validity of the act, but was not disposed to take steps against the action, or rather the nonaction, of the city council. A greater emergency cannot well be imagined. In the case under consideration, all that we have is an action for damages which was about to be tried, coupled with the fact that there was no time for calling the council together. There was no showing that the pending suit was of such dangerous character that the city would probably lose. It is by no means probable that appellant would have demanded an immediate trial if the city attorney had proposed a compromise subject to the approval of the city council. We do not regard the situation as presenting an exception within the meaning of the rule. A contrary holding would put it in the power of the city attorney, with the concurrence of the mayor, to settle every action against the city that had been called for trial. The compromise not having been authorized or ratified by the council, and there being no emergency that would authorize the city attorney with the approval of the mayor to act, it follows that the compromise was invalid and the peremptory proper.

Judgment affirmed.