CITY OF MEDFORD *vs.* MAY CORBETT.

Middlesex.     December 6, 1938. — April 11, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Practice, Civil*, Agreement for judgment, Vacation of judgment. *Attorney at Law. Agency*, Scope of authority. *Evidence*, Presumptions and burden of proof.

A party to an action was *prima facie* bound by an agreement for judgment signed by his attorney of record, and a judgment entered according to the agreement should not be vacated on his petition in the absence of evidence that the attorney did not in fact have authority to make the agreement.

Evidence merely that one, who formerly had been solicitor for a city and as such had signed an agreement for judgment, had no specific recollection that the action had been referred to a committee on claims of the board of aldermen, would not support a finding of lack of authority in him to make the agreement.

PETITION, filed in the Superior Court on February 24, 1938, to vacate a judgment.

The petition was denied by *M. Morton*, J. The petitioner alleged exceptions.

The case was submitted on briefs.

*G. E. Constantino,* City Solicitor, & *M. E. Gallagher, Jr.,* Assistant City Solicitor, for the petitioner.

*W. E. Fitzgerald,* for the respondent.

QUA, J.   This is a petition under G. L. (Ter. Ed.) c. 250, § 15, to vacate a judgment recovered by the respondent against the city in an action of tort.

The judgment was entered upon the filing of an agreement for judgment in the sum of $1,800 signed by W. E. Fitzgerald as "Attorney for Plaintiff" and by John Howard as "Attorney for Defendant." Upon the hearing of the petition to vacate there was evidence "that the former city solicitor of the city of Medford, John Howard, had no specific recollection of the original action having been referred to committee on claims of the board of aldermen of the city of Medford." The petitioner presented to the judge, and the judge denied, a number of requests for rulings the gist of which was that Howard as city solicitor had no power or authority to agree to the entry of judgment against the city, and that the judgment should be vacated for that reason.

No reversible error appears in the denial of the petitioner's requests or in the refusal to vacate the judgment.

In *Dalton* v. *West End Street Railway,* 159 Mass. 221, at page 223, this court said, "In practice the assumed authority of attorneys of record to agree upon the amount of judgment to be entered, or to any other disposition of the suit, must be recognized by the court, and when entered of record such agreements are binding upon the parties, unless the court for good cause shown permits them to be withdrawn, or vacates any order founded upon them. But when the court is informed that they have been made against the express prohibition of the client, and the parties can be put *in statu quo,* we are of opinion that the court has the power to vacate any judgment founded upon them, and to order such an agreement off the files, if the application is seasonably made." It follows that the judgment was rightly entered in the first instance upon the filing of the agreement signed by counsel. The judgment could be vacated only when the court should be "informed" (i.e. when

proof should be made by credible evidence) that Howard, who signed the agreement for the petitioner, in fact did not have authority to bind the city. For the purpose of this decision we will assume with the petitioner that the city solicitor had by virtue of his office alone, in the absence of any special grant of power in any form, no greater authority to bind his client than any other attorney at law has in private litigation. *Stone* v. *Bank of Commerce,* 174 U. S. 412, 423. *Bush* v. *O'Brien,* 164 N. Y. 205, 211, 212. *Jenkins* v. *Bowling Green,* 261 Ky. 679. There still remains an entire absence of evidence that, in this instance, Howard was not authorized to enter the agreement for judgment. Evidence that he had no specific recollection of the original action having been referred to a committee on claims, standing alone, will not support a finding that the board did not authorize the agreement. If we concede for the purpose of argument that lack of specific recollection might have some evidential value, there is still nothing to show that the board did not act without any reference to any committee on claims. No assumption can be indulged in the absence of evidence that the board could or would act on a settlement only after "the original action" had been "referred to committee on claims." For aught that appears a vote might well have been passed on recommendation of the solicitor or otherwise without reference to any committee. If the board of aldermen was not, under the Medford charter, the proper source of authority for settlements, there is no evidence that authority was not given by the proper source. In short, on the record before us this case stands in the same position as thousands of other cases between individual litigants where judgments have been entered upon agreements signed by counsel.

In the absence of any evidence of lack of authority the *prima facie* effect of Howard's signature remained uncontrolled, and the case afforded nothing to which the rulings requested were properly applicable and no basis upon which the judgment could be vacated.

This decision is in no respect at variance with *Precious* v. *O'Rourke,* 270 Mass. 305. In that case there was a find-

ing upon ample evidence that the attorney who had agreed to judgment in behalf of the petitioner had no actual authority to do so.

*Exceptions overruled.*