TOWN OF DENNIS *vs.* LIGHTHOUSE INN, INC. January 11, 1979. This action was originally brought pursuant to G. L. c. 185, § 112, to register the adverse claim of the town to a portion of land described in Land Court certificate No. 35195 issued to the defendant corporation. The town, with the consent of the defendant, subsequently moved to amend the statutory reference to § 115, but the judge construed this as a typographical error, and the petition was heard under the provisions of G. L. c. 185, § 114. The defendant now appeals from a decision granting the relief sought. 1. As the defendant admits in its answer that title to more land was conveyed to it by the deed in question here than the town meeting authorized (see G. L. c. 40, § 3), we conclude, as did the trial judge, that this case comes within the usual rule "that one dealing with the officers or agents of a municipal corporation must, at [its] peril, see to it that those officers or agents are acting within the scope of their authority." *Sancta Maria Hosp.* v. *Cambridge*, 369 Mass. 586, 595 (1976). The vote passed by the town on March 6, 1963, under art. 44 of the warrant for the town meeting authorized a conveyance to the defendant of a "portion" of the parcel at issue. The judge found and ruled (and we agree) that "a copy of the [aforementioned] Article was attached to the deed and put the grantee on notice that the deed conveyed to [it] more than the town meeting had authorized." Accordingly, it was not error for the judge to admit extrinsic evidence "to ascertain the meaning of the vote [i.e. the specific portion of the parcel] adopted by the town meeting." See *id.* at 593-594. Compare *Ryan* v. *Stavros*, 348 Mass. 251, 259-260 (1964). A

review of all the evidence, the transcript as well as the exhibits, convinces us that there is ample support for the result reached by the judge. See *Sancta Maria Hosp.* v. *Cambridge, supra.* 2. Although we need not reach the other questions presented on appeal in light of the view expressed by us in part 1, we believe the judge's disposition of them was correct.

*Decision affirmed.*

The case was submitted on briefs.
*Elliott K. Slade, Jr.,* for the defendant.
*Robert E. O'Neil,* Town Counsel, for the town of Dennis.