WILLIAM G. BOWERS[1] vs. BOARD OF APPEALS OF MARSHFIELD
& others.[2]

Plymouth. March 16, 1983. — May 17, 1983.

Present: ARMSTRONG, KAPLAN, & KASS, JJ.

*Municipal Corporations*, Disposal or use of property. *Practice, Civil*, Agreement for judgment, Vacation of judgment. *Judgment*, Relief from judgment.

On a motion by a town's selectmen to vacate a judgment entered four years earlier pursuant to an agreement between a previous board of selectmen and abutters to a proposed sewage pumping station by which the abutters agreed that the board of appeals had acted within its authority in granting a special permit for the station and the selectmen agreed in return to cease using certain adjoining lots as a public parking area, the judge was correct in denying relief from the judgment in so far as it affirmed the board's grant of the special permit; however, the judge erred in denying relief from the portion of the judgment restricting use of the adjoining lots for parking where the selectmen's lack of authority to encumber the lots warranted relief from the judgment under clause (6) of Mass.R.Civ.P. 60 (b). [31-35]

CIVIL ACTION commenced in the Superior Court on July 11, 1977.

A motion to vacate judgment was heard by *Wagner, J.*

*Robert L. Marzelli,* Town Counsel, for Board of Selectmen of Marshfield.

*Justin C. Barton* for the plaintiffs.

KASS, J.    In 1977, Marshfield, acting through its department of public works, was on the brink of constructing a wastewater treatment plant and appurtenant sewage pumping stations.   One of those pumping stations was to

[1] Jeane Ann Bowers.

[2] Department of public works of Marshfield, superintendent of public works, and the board of selectmen of the town of Marshfield.

be located on Avon Street and in connection with it, the town required from its board of appeals a site plan approval[3] which was in the nature of a special permit.[4] This the board granted, and the plaintiffs, who were abutters to the proposed pumping station, brought an appeal under G. L. c. 40A, § 17.

From the town's point of view, it was necessary to dispose of the challenge to the board of appeals decision with dispatch, or fifteen million dollars in Federal and State financial assistance for the over-all project would be lost. An attempt to dispose of the matter by summary judgment failed. Faced with the considerable pressure of the loss of funding for the project, the town and the plaintiffs arrived at a deal: the plaintiffs would agree that the board of appeals had acted within its authority; the selectmen of the town would intervene in the action and agree that they would cease using six adjoining lots as a public parking area. The parties drafted an agreement for judgment setting forth the negotiated terms. As to the six lots, the agreement for judgment provided as follows:

> "That the defendants are permanently enjoined from using or suffering to be used, directly or indirectly, the following area of land as a parking area: Lots 145, 147, 149, 151, 153 and 155 as shown on the Plan of Land, Duxbury Beach, in Marshfield, Plymouth County, Massachusetts recorded with Plymouth Registry of Deeds in Plan Book 1, Page 149, Serial No. 824."

The parties also agreed to "waive any and all rights of appeal from this judgment."

A District Court judge sitting in the Superior Court by statutory designation entered judgment in accordance with the agreement. The judgment was recorded in the Registry of Deeds for Plymouth County.

---

[3] Town of Marshfield zoning by-law § 12.02.

[4] By-law § 10.10.

The following summer there were several inconclusive procedural maneuvers which it is not necessary to detail, except to observe that they were stimulated by residents of the town aggrieved by the loss of parking which they were accustomed to have available when visiting Green Harbor Beach. Few events so stir the civic consciousness as the removal of convenient parking.

Nothing happened so far as judicial proceedings are concerned until February 16, 1982, when a newly constituted board of selectmen moved to vacate judgment under Mass. R.Civ.P. 60(b)(4), 365 Mass. 829 (1974), either because the judgment was beyond the power of the court to enter under G. L. c. 40A, § 17, or because the court lacked jurisdiction to impose restrictions on the six lots adjoining the site for the pumping station.

More than four years had gone by since the judgment had been entered in 1977. The sewage pumping station had been built. Notwithstanding the powerful interest in finality of judgments, a motion for relief from a judgment which was void from its inception lies without limitation of time. *Bookout* v. *Beck*, 354 F.2d 823, 825 (9th Cir. 1965). *Taft* v. *Donellan Jerome, Inc.*, 407 F.2d 807, 808 (7th Cir. 1969). *Misco Leasing, Inc.* v. *Vaughn*, 450 F.2d 257, 260 (10th Cir. 1971). Smith & Zobel, Rules Practice § 60.11 (1977). 11 Wright & Miller, Federal Practice and Procedure § 2862 (1973). If the judgment is, in fact, void, the court must grant relief. *Jordon* v. *Gilligan*, 500 F.2d 701, 704 (6th Cir. 1974), cert. denied, 421 U.S. 991 (1975). *Thomas P. Gonzalez Corp.* v. *Consejo Nacional DeProduction De Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980). *Covington Indus., Inc.* v. *Resintex, A.G.*, 629 F.2d 730, 733 (2d Cir. 1980). Smith & Zobel, *supra*. Wright & Miller, *supra*.

Jurisdiction existed under G. L. c. 40A, § 17, to consider whether the site plan approval granted by the board of appeals was within its authority. There is, therefore, no cause to disturb so much of the judgment as dealt with that issue.

That part of the judgment which deals with the adjoining six lots is more problematic. Although municipalities and

landowners may make agreements to resolve a land use dispute, see *Sylvania Elec. Prod., Inc.* v. *Newton,* 344 Mass. 428, 433-436 (1962), courts which sit in review under G. L. c. 40A, § 17, may not modify substantially the relief granted by a board of appeal. *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 556, 558-560 (1954). *Subaru of New England* v. *Board of Appeals of Canton,* 8 Mass. App. Ct. 483, 486 (1979). *Geryk* v. *Zoning Appeals Bd. of Easthampton,* 8 Mass. App. Ct. 683, 684-685 (1979).

We are faced with the additional difficulty that the perpetual encumbrance imposed upon the six lots by the then selectmen was an action which they were powerless to take. The power to alienate and dispose of real estate lies with the inhabitants of the town acting at town meeting, with certain limited exceptions, not here material, regarding leases. G. L. c. 40, § 3. See *Ballantine* v. *Falmouth,* 363 Mass. 760, 766 (1973); *Dennis* v. *Lighthouse Inn, Inc.,* 6 Mass. App. Ct. 970 (1979).

That the agreed to judgment required the selectmen to do something for which they lacked authority, i.e., to alienate the six lots by encumbering them, does not compel the conclusion that the judgment was void. An erroneous judgment is not a void judgment. *Foltz* v. *St. Louis & S.F. Ry.,* 60 F. 316, 320 (8th Cir. 1894). *Lubben* v. *Selective Serv. Sys. Local Bd. No.* 27, 453 F.2d 645, 649 (1st Cir. 1972). 11 Wright & Miller § 2862, at 198-200 (1973). Compare *New York Trust Co.* v. *Brewster,* 241 Mass. 155, 162 (1922), in which the court, quoting *Leonard* v. *Robbins,* 13 Allen 217, 219 (1866), observed that "no agreement or assent of the parties will enable the court to render a judgment which the law does not warrant." But in those cases the judgment was attacked by timely appeal. A judgment is void if the court from which it issues lacked jurisdiction over the parties, jurisdiction over the subject matter, or failed to provide due process of law. *United States* v. *119.67 Acres of Land,* 663 F.2d 1328, 1331 (1981). 11 Wright & Miller § 2862, at 198-200 (1973). All parties here were properly before the

court and a settled case is an unlikely candidate for a due process argument. Had any party raised as an issue the power of the selectmen under G. L. c. 40, § 3, to restrict the lots, the subject would have been appropriate for the court to consider. It is not the category of case involved, but the relief granted, which is in error; a judgment flawed in that manner is not susceptible to attack as void. See generally 7 Moore's Federal Practice, par. 60.25[2] (2d ed. 1982).

Although the selectmen's motion did not invoke it, clause (6) of Mass.R.Civ.P. 60(b), which authorizes relief for "any other reason justifying relief from the operation of the judgment" was an appropriate provision under which to consider vacating the judgment. The moving party's failure to so classify the motion is not dispositive. *King* v. *Allen*, 9 Mass. App. Ct. 821 (1980). *Lubben* v. *Selective Serv. Sys. Local Bd., No. 27*, 453 F.2d at 648. 7 Moore's Federal Practice, par. 60.27[1], at 350 (1982).

To secure relief under rule 60(b)(6) requires a showing of "extraordinary" circumstances. *Ackermann* v. *United States*, 340 U.S. 193, 202 (1950). *Artco* v. *DiFruscia*, 5 Mass. App. Ct. 513, 517 (1977). If cases are to have finality, the operation of rule 60(b) must receive "extremely meagre scope." *Rinieri* v. *News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir. 1967).[5]

What makes the instant case exceptional is that a public authority, the selectmen, offered as their part of an agreement for judgment a restriction that they lacked the power to impose. We do not deprecate consent judgments. They are a useful device to resolve disputes and are as much of an adjudication for purposes of applying the principle of judgment preclusion as any other final judgment. *Fishman* v. *Alberts*, 321 Mass. 280, 281-282 (1947). *Nantucket Exp. Lines* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 350 Mass. 173, 176 (1966). Indeed, "[r]elief from

---

[5] Ordinarily "Rule 60 is to litigation what mouth-to-mouth resuscitation is to first aid: a life-saving treatment, applicable in desperate cases." Smith & Zobel, Rules Practice § 60.1 (1977).

a judgment may be sought by or on behalf of a person only if the judgment is or purports to be binding on him under the rules of res judicata . . . ." Restatement (Second) of Judgments § 64 (1982).

There is in an agreement for judgment, however, an element of contract. *Hentschel* v. *Smith,* 278 Minn. 86, 92-93 (1967). *Pollard* v. *Steffens,* 161 Tex. 594, 602 (1961). *Washington Asphalt Co.* v. *Harold Kaeser Co.,* 51 Wash. 2d 89, 91 (1957). Cf. *Medford* v. *Corbett,* 302 Mass. 573, 574-575 (1939). Accordingly, it is in order to apply to a consent judgment made with governmental authority the familiar principle that those who contract with the officers or agents of a governmental agency must, at their peril, "see to it that those officers or agents are acting within the scope of their authority." *Sancta Maria Hosp.* v. *Cambridge,* 369 Mass. 586, 595 (1976). *Adalian Bros.* v. *Boston,* 323 Mass. 629, 632 (1949). *White Constr. Co.* v. *Commonwealth,* 11 Mass. App. Ct. 640, 648 (1981). Were it otherwise public officials could bind their governmental agencies to unlawful conduct by ready acquiescence in an agreement for judgment and, thus, circumvent the restrictions on their powers.[6] The same officials, or as is the case here, their successors, face the dilemma of acting in excess of their powers or exposing themselves to a judgment of contempt. In those unusual circumstances, resort may be had to rule 60(b)(6). *United States* v. *119.67 Acres of Land,* 663 F.2d at 1331. *United States* v. *32.40 Acres of Land,* 614 F.2d 108, 114 (6th Cir. 1980). Cf. *United States* v. *Gould,* 301 F.2d 353, 355-357 (5th Cir. 1962). Without weakening the force of an agreement for judgment for purposes of res judicata, it is possible in the context of a motion to vacate judgment to take into account that, as a practical matter, when an agreement for judgment is filed, even its significant nuances will not come to the judge's attention.

---

[6] There is no suggestion that the judgment in this case was collusive. Most probably, in the exigency of the moment, the inhibition on the selectmen never came to attention.

We conclude that the judge who heard the motion to vacate judgment properly denied relief as to that portion of the judgment which dealt with the relief granted by the board of appeals but should have allowed the motion as to the encumbrance placed on the adjoining six lots.

On the sketchy record before us, we do not know whether vacating part of the judgment might disturb obligations which the town had to State and Federal funding sources. We do know, of course, that it induced a change of position on the part of the plaintiffs, i.e. they abandoned their action under G. L. c. 40A. Although we do not require it so to do, the town may wish to consider its obligations to those funding sources and to the plaintiffs. To that end the order vacating the paragraph of the judgment which enjoins the defendants from using or suffering lots 145, 147, 149, 151, 153 and 155 to be used as a parking area is to be stayed until May 30, 1984, to enable the selectmen to insert in the warrant for the next special or annual town meeting an article authorizing the selectmen to impose the restrictions on those six lots to which the predecessors purported to commit the town at the time of the agreement for judgment. See *Harrison* v. *Building Inspector of Braintree,* 350 Mass. 559, 563 (1966). See also *Village on the Hill, Inc.* v. *Massachusetts Turnpike Authy.,* 348 Mass. 107, 119 (1964).

The denial of the motion to vacate judgment is affirmed as to the first and third paragraphs (not counting the introductory two lines as a paragraph) of the judgment and reversed as to the second paragraph. The second paragraph is vacated. The order shall be stayed in accordance with the preceding paragraph of this opinion.

*So ordered.*