EASTERN SAVINGS BANK & another[1] *vs.* CITY OF SALEM.

No. 91-P-177.

Essex. March 18, 1992. - August 3, 1992.

Present: BROWN, KASS, & LAURENCE, JJ.

*Practice, Civil*, Agreement for judgment, Relief from judgment, Vacation
of judgment. *Judgment*, Relief from judgment. *Real Property*, Convey-
ance, Mortgage, Recording of judgment. *Mortgage*, Conveyance sub-
ject to mortgage. *Municipal Corporations*, Acquisition of real estate,
Property.

A duly recorded Superior Court judgment under Mass.R.Civ.P. 70, vesting
title to certain real estate, was binding upon the parties, and third par-
ties were entitled reasonably to rely upon it during the time between
the expiration of the period provided by Mass.R.A.P. 4(a) for claiming
an appeal (no appeal having been claimed) and the allowance of a mo-
tion under Mass.R.Civ.P. 60(b)(6) to set the judgment aside; conse-
quently, after title revested, the locus remained subject to a mortgage
which had been granted after judgment entered but before expiration of
the appeal period, where the mortgagee had made no advances on the
loan until after the appeal period had expired. [143-146]

CIVIL ACTION commenced in the Superior Court Depart-
ment on November 8, 1990.

The case was heard by *Patrick F. Brady*, J., on a state-
ment of agreed facts.

*Kevin T. Daly*, City Solicitor, for the defendant.
*William H. Sheehan, III*, for Mike Stasinos.
*Christopher P. Sullivan* for Eastern Savings Bank.

KASS, J. After waiting out the applicable thirty-day appeal
period, Eastern Savings Bank (the "Bank"), in reliance on a
judgment entered in Superior Court under Mass.R.Civ.P. 70,
365 Mass. 836 (1974), advanced more than $1,000,000 on a
construction loan secured by a first mortgage on a 3.95 acre

[1]Mike Stasinos was, on motion, allowed to intervene as a party plaintiff.

parcel in Salem (the "locus"). Subsequently, title to the locus revested in Salem when the judgment relied on was vacated. The question posed by this action for declaratory relief is whether the city's reacquired title is subject to the Bank's mortgage. A judge of the Superior Court, acting on the pleadings and a statement of agreed facts, declared that the judgment was paramount and that Salem held the land subject to the mortgage. We affirm.

The parties' peculiar embarrassment has its origins in a project of the intervener, Mike Stasinos, to build a cluster of residences on a twenty-five acre site in Salem. That undertaking required a variance. Administrative and judicial proceedings resulted in the entry of a consent judgment on August 18, 1986, under which the board of appeal of Salem granted the necessary variance, conditioned upon Stasinos or a corporation he controlled conveying to the city a parcel of 4.1 acres which Salem was to use for soccer fields. An amendment to the consent judgment reduced the parcel to be conveyed to 3.95 acres.

Conformably with the consent judgment, Salem Highland Development Corporation, the owner of the locus, as of March 3, 1987, executed a deed of the locus to the city. That deed was recorded on December 18, 1987. By then, construction of the Stasinos project had been under way for more than a year, but considerable misunderstanding had arisen between the city and the developer, manifesting itself in stop work orders from the building inspector and a refusal, so it was contended, to issue building permits in accordance with the consent judgment.

By December 28, 1987, the parties were again at each other's throats in Superior Court in a new action filed by the developer, and again, as the contestants groped at each other, they decided to settle. Part of the accommodation struck was that, so far as the locus was concerned, the movie was to be run backwards, i.e., the city would give the land back to the developer. The city was not to execute and deliver a deed but rather agreed to entry of a judgment under Mass.R.Civ.P. 70, under which the court could — and did — divest Salem

of title to the locus and vest it in the developer.[2] The rule 70 judgment was entered on July 14, 1988, and a counterpart or certified copy was recorded in the South Essex registry of deeds.

The thirty-day period for taking an appeal expired August 15, 1988, a Monday. See Mass.R.A.P. 4(a), 395 Mass. 1110 (1985).[3] On the preceding Friday, August 12, Salem Highland Development Coporation had conveyed the locus by deed to The Olde Village Mall, Inc., and the latter had executed a mortgage to the Bank to secure a contruction loan of $2,800,000.[4] No loan proceeds, however, were disbursed. Advances on the construction loan did not begin until the following Tuesday and continued at intervals until October 14, 1988. About a fortnight later, on October 26, 1988, the city moved under Mass.R.Civ.P. 60(b)(6), 365 Mass 829 (1974), to vacate the judgment which had been entered under rule 70.

In an unpublished memorandum issued in accordance with Appeals Court rule 1:28 (27 Mass. App. Ct. 1423 [1989]), we ordered that the rule 70 judgment of July 14, 1988, was to be vacated because the city council of Salem had neither voted to approve the transfer of land (see G. L. c. 39, § 1, and c. 40, § 3), nor had the mayor, president of the city council, and the chairman of the finance committee, as they were empowered to do under a city ordinance, approved the settlement which underlay the rule 70 judgment. See *Bowers v. Board of Appeals of Marshfield*, 16 Mass. App. Ct. 29 (1983). Vacating that judgment caused title to the locus to revert to the city, but arguably subject to the Bank's mortgage.

---

[2] The fourth sentence of rule 70 provides: "If real or personal property is within the Commonwealth, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law."

[3] There is, appropriately, no contention that a municipal corporation is an agency of the Commonwealth and, thus, entitled to a sixty-day appeal period. See *Okongwu v. Stephens*, 396 Mass. 724, 729-732 (1986).

[4] Stasinos, the intervener, guaranteed the construction loan note.

Central to the city's contention that its title is free of the mortgage is the idea that the transfer of title by it to Salem Highland Development Corporation, having been misbegotten, was a nullity. If so, Olde Village Mall, Inc., never possessed a title to mortgage. The argument presupposes that the rule 70 judgment was void from its inception; but it was not.

As an initial point, it is worth observing that the city did not pitch its motion to vacate judgment on the theory that the judgment was void. A motion to vacate a judgment on the ground that it is void is brought under Mass.R.Civ.P. 60(b)(4), 365 Mass. 829 (1974), and the city, according to the statement of agreed facts, brought its motion under Mass.R.Civ.P. 60(b)(6), for "any other reason justifying relief from the operation of the judgment." Eligibility for relief under clause (6) of the rule presupposes that the ground on which the motion rests is one other than those enumerated in clauses (1) through (5). See *Artco, Inc.* v. *DiFruscia*, 5 Mass. App. Ct. 513, 517 (1977); *Lubben* v. *Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 651 (1st Cir. 1972).

A more cogent reason that the rule 70 judgment was not void is that the controversy between the city and the other parties was properly before the court. A judgment is void "if the court from which it issues lacked jurisdiction over the parties, jurisdiction over the subject matter, or failed to provide due process of law." *Bowers* v. *Board of Appeals of Marshfield*, 16 Mass. App. Ct. at 32, and cases and authorities there cited. A judgment is not void simply because it is later determined to have been erroneous. *Ibid.* Inherent in the notion of a void judgment is an act of usurpation by the court. *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. 449, 455 (1991). Here all parties were before the court, and the subject matter — compliance by the municipal authority with zoning law and prior orders of the court — was accepted grist for the Superior Court mill.

Once entered, the judgment was binding on the parties, and third persons, after the appeal period had run, were entitled to rely upon the judgment. The judgment, by its terms,

had vested title in Salem Highland Development Corporation. In the *Bowers* case, the judgment under attack was an agreement for judgment. We observed that there inheres in an agreement for judgment "an element of contract" and that it was, therefore, appropriate "to apply to a consent judgment made with governmental authority the familiar principle that those who contract with the officers or agents of a governmental agency must, at their peril" make sure that those officers or agents are acting within the scope of their authority. *Bowers* v. *Board of Appeals of Marshfield,* 16 Mass. App. Ct. at 34.[5]

Although the rule 70 judgment in this case stated that the judge was acting under the rule "and by agreement of all parties to this action," consent of the parties is not an essential element of a rule 70 judgment. Unlike an agreement for judgment, which is an act of the parties, a judgment under rule 70 is an act of the court, and when invoking the fourth sentence of the rule, i.e., divesting title from one party and vesting it in another, the judgment has the effect of a conveyance. Smith & Zobel, Rules Practice § 70.2, at 335 (1981). In that respect, the fourth sentence of the rule incorporates or complements G. L. c. 183, §§ 43 and 44, which provide that in certain cases a decree (the statute predates adoption of the rules of civil procedure and employs the old vocabulary) ordering a conveyance shall be deemed to be a conveyance and that the recording of such a decree shall be tantamount to the recording of a deed.

In view of the exercise of the specifically granted power of the court which is inherent in a rule 70 judgment, we are of opinion that a judgment promulgated under the rule is not flavored by an element of contract, even when the parties have agreed to entry of the rule 70 judgment. Contrast *Bow-*

---

[5]In Massachusetts, the principle that a person dealing with governmental bodies is bound to verify the authority of the government's officers or agents may be conveniently remembered as the rule of Curley's rugs, after *Adalian Bros.* v. *Boston,* 323 Mass. 629 (1949), in which vendors of three rugs, ordered by the mayor for his office, were unable to collect their price from the city of Boston because no appropriation had been made for the purpose when the rugs were purchased and delivered.

*ers* v. *Board of Appeals of Marshfield*, 16 Mass. App. Ct. at 34. The judge in such a case invokes powers to make something happen without further action by the litigants. It is far from a passive or simply acquiescent judicial act. Third parties may rely on such a judgment after the appeal period has run. Ability so to rely is necessary if the public is to have faith in the force of final judgments of the courts. *Hyland* v. *Kirkman*, 204 N.J. Super. 345, 371-372 (1985). Restatement (Second) of Judgments § 74 comment f (1980). Cf. *Adoption of R.H.*, 485 Pa. 157, 161-162 (1979). In connection with land transactions, it was decided early in our jurisprudence that "[t]he purchaser is not bound to look beyond the decree when executed by a conveyance . . .; nor to look further back than the order of the court." *Voorhees* v. *Bank of the United States*, 35 U.S. (10 Pet.) 449, 477-478 (1836).

Someone running title to the locus was entitled to rely on the rule 70 judgment and was not bound, as the city suggests, to inquire into whether officers of the city had authority to assent to the judgment because that assent was not necessary to the judgment. Giving effect to a rule 70 judgment is consistent with the objective of maintaining a land records system on which purchasers can rely. See *Richardson* v. *Lee Realty Corp.*, 364 Mass. 632, 635 (1974).

Even if later vacated in accordance with law because it is voidable, a judgment entered of record which is not void is binding upon the parties and third parties who reasonably rely upon it during the time between the expiration of the appeal period from the judgment (without an appeal having been claimed) and the time the judgment is set aside. *Sullivan* v. *Jordan*, 310 Mass. 12, 16 (1941). The conveyance of the locus to Salem Highland Development Corporation effected by the rule 70 judgment in this case was valid because the judgment, at least until the issue of its voidability was raised on October 26, 1988, was in full force. Accordingly, the conveyance by Salem Highland Development Corporation of the locus on August 12, 1988, to Olde Village Mall, Inc., was effective, as was the grant of the mortgage to the Bank. As stated by the Superior Court judge in his order for

judgment: "[T]he 3.95 acre parcel on Highland Avenue, Salem, [shall] remain subject to the Bank's mortgage and . . . the City acquired title subject to [the] plaintiff's mortgage."

*Judgment affirmed.*