Lauriat, J.
The plaintiffs, Gerald and Patricia Bagiey, (the “Bagleys"), brought this action against the individual defendants, attorneys Ruth R. O’Brien and Katrina Weinrig, and their law firm, Ropes & Gray of Boston, Massachusetts. The Bagleys allege that the defendants negligently failed to include a claim of adverse possession in either of two lawsuits that the defendants filed on then-behalf challenging the actions of others that had adversely affected a parcel of land in Boston in which the Bagleys asserted an ownership interest.
The defendants answered the plaintiffs’ complaint and a period of discovery followed. Eventually, counsel for the parties began to discuss settlement possibilities, and after a series of offers was made by counsel for the defendants, a settlement agreement was apparently reached with counsel for the plaintiffs. When that settlement was reported to the court at a status conference, the plaintiff Gerald Bagiey, who was also present, objected. The defendants thereafter filed a Motion To Enforce Settlement Agreement and requested an evidentiary hearing on that motion.
The court held an evidentiary hearing on the defendants’ motion on March 24 and July 1, 1993. Testimony was presented from Nicholas C. Theodorou, counsel for the defendants in the present action, Richard B. Klibaner, former counsel for the plaintiffs in the present action, and the plaintiffs, Gerald Bagiey and Patricia Bagiey. The court also received into evidence a letter from Klibaner to the Bagleys dated December 8, 1992 (Exhibit 1), and a letter from Klibaner to the Bagleys dated December 14, 1992 (Exhibit 2).
Upon consideration of the credible testimony of the witnesses and the exhibits presented by the parties, and the reasonable inferences to be drawn therefrom, and upon consideration of the written submissions and the oral arguments of counsel, the court makes the following findings of fact and rulings of law on the defendants’ Motion To Enforce Settlement Agreement in this action.
FINDINGS OF FACT
1. In October 1992, more than two years after this action was filed and after the parties had engaged in discovery, Nicholas C. Theodorou (“Theodorou”), as counsel for the defendants, and Richard C. Klibaner *154 (“Klibaner”), as counsel for the plaintiffs, began to discuss settlement of the action. On October 21,1992, Theodorou asked Klibaner for a settlement demand, and Klibaner agreed to discuss the matter with the Bagleys. On October 21, 1992, after a status conference was held in this action before the Suffolk County Superior Court, Gerald Bagley, in the presence of Klibaner, told the defendants’ co-counsel, Michael Keating, that his demand was $15,000 to $16,000.
2. In early November 1992, Theodorou made an offer of $5,000 on behalf of the defendants to settle the case. Through Klibaner, the Bagleys rejected that offer, and Klibaner indicated that their demand was still $15,000.
3. Later in November 1992, Theodorou made an offer of $10,000 on behalf of the defendants to settle the case. Klibaner again rejected that offer and reported that the Bagleys were adamant about settling the case for $15,000.
4. In early December 1992, Theodorou obtained authority from the defendants to settle the case for $15,000, and on December 4, 1992, he conveyed that offer to Klibaner. Klibaner accepted the offer and the parties agreed to cancel depositions in the case that were scheduled to begin shortly thereafter.
5. On December 8, 1992, Klibaner wrote a letter to the Bagleys advising them that “the defendants have accepted our offer to settle this case for $15,000.” (Exhibit 1.) Klibaner did not receive a written or verbal response to this letter from either of the Bagleys. From December 8 until December 14, 1992, Klibaner tried unsuccessfully to reach the Bagleys by telephone. He left several messages requesting Gerald Bagley to call him.
6. On December 14, 1992, Klibaner again wrote a letter to the Bagleys advising them of the settlement and of a status conference that was scheduled before the Suffolk County Superior Court at 2:00 p.m. on December 15, 1992, at which he intended to report to the judge that “we have reached a settlement in principle.” (Exhibit 2.) Klibaner also advised the Bagleys in that letter that he anticipated that the judge would “then issue a ‘thirty-day order’ ’’ and that “therefore, it will be essential that we conclude the settlement before the end of that 30 days." Klibaner also repeated the terms of the settlement and added that the defendants had asked that the Bagleys sign a confidentiality agreement, a point that he intended to discuss with the Bagleys. Klibaner sent his letter of December 14, 1992 to the Bagleys by Federal Express.
7. On December 15, 1992, Theodorou and Klibaner appeared before a judge of the Suffolk County Superior Court in the session to which the case had been assigned. When the case was called for a status conference, both counsel reported to the court that the case had been settled, However, Gerald Bagley, who was present in the courtroom, immediately approached the court and stated that the case was not settled.
RULINGS OF LAW
An attorney representing a party in litigation has broad authority to perform those tasks necessary or incidental to the prosecution and management of the case. Precious v. O’Rourke, 270 Mass. 305, 308 (1930). The attorney-client relationship, however, does not automatically vest in the attorney the authority to enter into a binding settlement agreement on behalf of the client. Hubbard v. Peairs, 24 Mass.App.Ct. 372, 377-78 (1987). It is within the general powers of an attorney to take actions which affect the client’s remedy but not the cause of action. DeSantis v. Massachusetts Bonding and Ins. Co., 289 Mass. 315, 321 (1935); Precious v. O’Rourke, supra at 308.
The attorney may not settle the litigation or otherwise take any action which affects the substantial rights of the client without obtaining the client’s express or implicit consent. Hubbard v. Peairs, supra at 377-78. See also Medford v. Corbett, 302 Mass. 573, 574-75 (1939) (a client may authorize an attorney to compromise substantial rights by implication from conduct); ICC v. Holmes, 983 F.2d 1122, 1129 (1st Cir. 1993) (actual authority may be implied where principal acquiesced in or adopted action of agent); Raftery v. Coates, 4 Mass.App.Dec. 39, 41 (1952) (a client may subsequently ratify a settlement negotiated by an attorney). If an attorney seeks to compromise the substantial rights of the client by agreement, “the opposing party must ascertain at his peril whether the attorney has the authority to make the settlement.” Precious v. O’Rourke, supra at 308.
The proposed settlement agreement at issue here undoubtedly affects the substantial rights of the Bagleys. The offer by Ropes & Gray to pay the Bagleys $15,000, if accepted, would extinguish their pending claims against the defendants and release the defendants from the threat of future litigation. The primary issue, then, is whether the Bagleys authorized Kliba-ner to compromise their rights by entering into a settlement agreement with the defendants.
The evidence shows that the Bagleys neither gave Klibaner explicit or implicit authority to effect a final settlement of their claims nor ratified the proposed settlement agreement. At best, they authorized Klibaner to negotiate with counsel for Ropes & Gray while retaining their inherent veto power over any proposed settlement agreement. When Ropes & Gray ultimately made the settlement offer of $15,000 in exchange for general releases from the Bagleys, Klibaner told the defendants’ attorney, Theodorou, that he did not foresee a problem with the releases. Klibaner then attempted, without success, to speak with the Bagleys to inform them of the terms of the latest settlement offer.
Gerald Bagley does not dispute having received a letter from Klibaner outlining details of the agreement on December 14, 1993, the day prior to the status conference. As a result of the letter, Mr. Bagley appeared at the status conference on December 15, *155 1992, expressed his opposition to the proposed settlement agreement and contended that he had not authorized Klibaner to bind him to such an agreement. Mr. Bagley’s objections at the status conference refuted the defendants’ contention that the Bagleys, by their actions, implicitly accepted or ratified the settlement agreement.
Even if Theodorou assumed that Klibaner was authorized by the Bagleys to effect a final settlement, the defendant’s motion for enforcement of the proposed settlement agreement must still fail. The proposed settlement agreement in this case is not one that became effective upon utterance or required a writing merely to memorialize the terms of the agreement already reached. Cf. Carver v. Walderman, 21 Mass.App.Ct. 958, 959-60 (1986) (settlement agreement enforceable where oral agreement reached and read into record with the understanding that a writing memorializing the agreement would be submitted to the court). Rather, the agreement here was to become effective only after the parties agreed on key issues and reduced their agreement to writing. The Bagleys had not communicated to Klibaner their acceptance of several critical terms of the proposed agreement, including the non-disclosure requirement, the extent of any releases, and whether Ropes & Gray would agree to refrain from asserting a claim against the Bagleys for their own fees. The evidence does not warrant a finding that the Bagleys gave Klibaner the specific authority to agree to a final settlement on these issues. See DeSantis v. Massachusetts Bonding and Ins. Co., supra at 321-22 (where evidence indicates that client is unaware of specific actions taken by his attorney which affect the cause of action, a finding that the client granted to his attorney specific authority to take the action is unwarranted).
In general, courts recognize the assumed authority of attorneys to enter into binding agreements on behalf of their clients. Medford v. Corbett, supra at 574-75. Judgment will generally enter pursuant to a negotiated settlement agreement absent credible evidence that an attorney lacks the authority to enter into the agreement. Id However, in the present case Klibaner lacked such authority to so act on behalf of his clients. Accordingly, the defendants’ motion to enforce the settlement agreement must be denied.[1]
ORDER
For the foregoing reasons, the Defendant’s Motion to Enforce Settlement Agreement is DENIED.

 While Mr. Bagley asserts that the plaintiffs are opposed to any settlement of the present case that does not give them ownership of the land which was the subject of their prior actions, its resolution will not enhance or improve their land ownership claim. At best, the plaintiffs will recover only monetary damages.