Hely, J.
The court held an evidentiary hearing on this motion. The following findings of fact are based on the evidence that the court deems the most credible.
*258 While this negligence action was pending the parties agreed to mediation. The mediation took place over several hours at the office of the mediator. Plaintiffs counsel explained to her beforehand the mediation process. The plaintiff was present at the mediation with her attorney. During the mediation session the plaintiffs attorney negotiated at length with the defendants’ attorney over a settlement amount. An adjuster for one or both of the defendants was also present. The mediator explained the procedures to the plaintiff and told her that the mediation might not result in a settlement and that she did not have to settle the case that day.
The plaintiffs opening demand as stated by her counsel was $100,000. The defendants opened with an offer of $15,000. Many offers and counteroffers were made back and forth, and the gap narrowed somewhat. Plaintiffs counsel kept the plaintiff fully informed. Eventually the defendants offered $35,000, and they held firmly to that figure giving every indication that they would not go up any farther. Plaintiffs counsel did not accept this amount.
Plaintiffs counsel proposed to defense counsel that if the defendants could come up to $36,000, he believed that this would settle the case. Defense counsel said they would come up to $36,000 if that would settle the case.
Plaintiffs counsel went into a separate room where he discussed the negotiations privately with the plaintiff. He told her accurately that the defendants had finally expressed a willingness to settle for $36,000. He told her accurately that the defendants had stayed with their $35,000 offer for a long time. Plaintiffs counsel told the plaintiff accurately that this was the defendants’ last offer and that they were not going to agree to settle for more than $36,000.
Plaintiff s counsel recommended to the plaintiff that she accept the $36,000 amount. He told the plaintiff that he was prepared to tell defense counsel that the case was settled for $36,000, and he asked her permission to do that. The plaintiff replied, “yeah, but I’m not happy.” Plaintiffs counsel discussed with the plaintiff the liens in the case. He offered to compromise the expenses that he had paid in the case so that the plaintiff would get close to $24,000 as her net cash recovery. He told her that if she accepted this he would report to defense counsel that the case was settled for $36,000. The plaintiff said again, “yeah, but I’m not happy.”
Plaintiffs counsel believed that his client accepted his judgment that this was the most he could get for her. The plaintiff agreed to the settlement figure even though she was unhappy with it. Plaintiffs counsel reported to defense counsel that the plaintiff accepted the proposed $36,000 settlement, and defense counsel accepted this as a final settlement. The settlement agreement was reported to the mediator. As the parties left the mediation, the plaintiff said, “I’m not signing anything.”
Plaintiffs counsel reported to the court that the case was settled, and a thirty-day dismissal order was entered. The action was later dismissed in accordance with the nisi order.
The defendants have tendered payment of $36,000 in exchange for a standard release signed by the plaintiff. The plaintiff has refused to sign the release.
The contract, agency and other legal principles governing settlement agreements are summarized in Medfield v. Corbett, 302 Mass. 573, 574 (1939); and Massey v. Stop & Shop Companies, Inc., 1998 Mass.App.Div. 117. The crucial fact question for the court in this case is whether the plaintiff agreed at the mediation to accept the $36,000 settlement figure.
The court finds that the plaintiff did state her assent to her lawyer to accept this amount. She was, as she said, not happy about it, but she did agree to it. Plaintiffs counsel explained the negotiations and the defendants’ final offer to the plaintiff. Both counsel and the mediator had explained the mediation process to the plaintiff, and she understood it. The plaintiff is a competent adult with no language difficulties. She understood her lawyer’s explanation of the defendants’ final offer. She understood that she did not have to accept that offer. She could have told her attorney that she was not going to accept it. Instead she gave him an affirmative response when he asked for her authority to accept the offer, even though she simultaneously expressed her unhappiness. Parties to lawsuits and other disputes are often disappointed with the opposing party’s final offer. Unhappiness with the outcome does not invalidate a settlement if the party has expressed her assent to the settlement.
As a competent adult acting with competent, ethical advice by her attorney, the plaintiff is bound by the settlement agreement. She authorized her attorney to accept the settlement figure, and he acted within his authority in reporting her acceptance to the defendants.
ORDER
The action will remain dismissed because the parties entered a binding settlement agreement. The defendants are ordered to pay the plaintiff the agreed settlement amount, even if she declines to sign a release. The payment is to be made through the attorney who represented the plaintiff, and he is entitled to whatever fee that he has earned in accordance with his fee agreement with the plaintiff. If the plaintiff continues to decline to sign a release, the entry of this Memorandum of Decision and Order will effectively operate to protect the defendants against any potential future claim by the plaintiff against them based on the same accident.