JOAO M. RAPOSO & another[1] vs. DANNY M. EVANS.

No. 07-P-155.

Bristol. November 9, 2007. - March 13, 2008.

Present: PERRETTA, GELINAS, & KANTROWITZ, JJ.

*Practice, Civil,* Service of process, Waiver.

In a civil action, the Superior Court judge properly denied the defendant's
motion to dismiss the complaint for insufficiency of service of process,
where the defendant waived that defense by failing to file the motion until
almost five years after filing his answer, and after having agreed to a
discovery schedule and having participated in motion practice as well as a
final pretrial conference. [383-386]

CIVIL ACTION commenced in the Superior Court Department on
April 12, 2001.

A motion to dismiss was heard by *Robert J. Kane,* J., and the
case was also heard by him.

*John A. Walsh* for the defendant.

*Brian R. Cunha* for the plaintiffs.

KANTROWITZ, J. A default judgment entered against the
defendant, Danny M. Evans, stemming from a 1998 automobile
accident involving the plaintiff, Joao M. Raposo (Raposo).[2] At
issue is the propriety of the denial, on waiver grounds, of Evans's
second motion to dismiss for insufficiency of service of process.

Evans argues on appeal that (1) the Superior Court judge

---

[1] Rita Raposo.

[2] The complaint alleged that, while driving on Route 93 South in Braintree,
"Evans failed to maintain control of his vehicle so as to cause it to collide
into the rear of the vehicle operated by [Raposo]." The pleadings indicate that
Evans's car struck Raposo's car, which was stopped in the breakdown lane.
Evans was allegedly cut off by a car driven by Kristin M. Caliri. As a result,
Raposo suffered a broken jaw, four fractured ribs, and the loss of a tooth. He
was out of work from May 23, 1998, to July 6, 1998, and claimed lost wages
of $5,500, and $42,548.08 in medical bills.

erred by denying the motion to dismiss because the defense of insufficiency of service of process had not been waived; and (2) service was insufficient under Mass.R.Civ.P. 4, as amended, 402 Mass. 1401 (1988). We affirm.

*Background.* This case arises out of a motor vehicle accident that occurred on May 23, 1998. The complaint was filed on April 12, 2001, against Danny M. Evans, Kristin M. (Caliri) Tene, and Charles R. Caliri.[3] A deputy sheriff served Evans by leaving a copy of the summons and complaint on May 8, 2001, at what was purported to be Evans's last and usual place of abode. See Mass.R.Civ.P. 4(d).[4] The deputy sheriff also mailed Evans a copy of the summons and complaint.

Evans, whose insurer was insolvent, was initially defaulted for failing to respond to the complaint. His defense was subsequently assumed by the Massachusetts Insurers Insolvency Fund (Fund),[5] which, on his behalf, filed, on August 22, 2001, a motion to vacate default and file late answer.[6] That motion was allowed. In the answer filed on August 22, 2001, Evans's attorney asserted a host of boilerplate defenses,[7] including insuf-

---

[3]Charles Caliri was the owner of the car driven by Kristin Caliri when the accident occurred. Kristin and Charles were uninsured, and the claims against them were not pursued. Raposo recovered $20,000 in uninsured benefits from his own insurance company.

[4]Rule 4(d) provides that successful service occurs "[u]pon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process, provided that any further notice required by such statute be given."

[5]"The Fund is a statutorily mandated, nonprofit, unincorporated association of all insurers writing certain kinds of direct insurance in the Commonwealth. . . . [General Laws c.] 175D prescribes a procedure for the formation and maintenance of the Fund in order that it will be available to settle certain unpaid claims which arise out of and are within the coverage of an insurance policy issued by an insolvent insurer." *Commissioner of Ins.* v. *Massachusetts Insurers Insolvency Fund,* 373 Mass. 798, 799 (1977).

[6]Evans's attorney has never met his client. Neither party has raised, and we do not address, the issue regarding the obligations of the Fund to defend an unavailable insured, or the propriety of an attorney filing an answer, motion, or appeal on behalf of a client he has not met. Lastly, we were not provided with a copy of Evans's insurance policy.

[7]The defendant filed nine boilerplate defenses: (1) failure to state a claim upon which relief can be granted, Mass.R.Civ.P 12(b)(6), 365 Mass. 755

ficiency of service of process under Mass.R.Civ.P 12(b)(5), 365 Mass. 755 (1974), but did not press that issue through a motion to dismiss.

The matter was stayed from January, 2002, until September, 2003, upon the joint motion of the parties, while the Raposos, by mandate of G. L. c. 175D, exhausted all other insurance benefits before pursuing an action against the Fund. In February of 2004, the Raposos' new counsel, after being informed by Evans's counsel that there might be a problem with service,[8] attempted to re-serve Evans through the registry of motor vehicles (registry).[9] On September 13, 2004, Evans's attorney, again averring that he could not locate Evans, filed his first motion to dismiss "for failure to effectuate service within the time prescribed by the Statute of Limitations," and for failure to serve Evans within ninety days after the filing of the complaint under Mass.R.Civ.P 4(j). The Raposos successfully argued that Evans's attorney had not "provided any evidence to rebut the sheriff's Affidavit and Return of Service that [Evans] was properly served." The motion was denied on November 9, 2004.

The case proceeded, and the parties agreed to a discovery schedule. On March 2, 2005, a trial date was set. The Raposos filed an affidavit of written notice of intent to offer medical

---

(1974); (2) insufficient process, Mass.R.Civ.P. 12(b)(4), 365 Mass. 755 (1974); (3) insufficient service of process, Mass.R.Civ.P. 12(b)(5), 365 Mass. 755 (1974); (4) the negligence of Raposo exceeded that of Evans, G. L. c. 231, § 85; (5) the damages assessed against Evans should be reduced by the percentage of Raposo's negligence, G. L. c. 231, § 85; (6) the injuries to the Raposos were not causally related to any negligence of Evans; (7) the injuries to the Raposos did not exceed the threshold required by G. L. c. 231, § 6D; (8) Evans is entitled to an offset of personal injury protection benefits paid to Raposo under G. L. c. 90, § 34M; and (9) the Raposos must first avail themselves of all other collateral sources of insurance, G. L. c. 175D.

[8]Defense counsel sent a letter to the Raposos' counsel on October 14, 2003, stating that he did not know where Evans was and expressing his belief that Evans had not been properly served. The defense argued the same in May, 2004, in an opposition to the Raposos' motion to compel Evans's attendance at deposition.

[9]A deputy sheriff certified that service was made on the registry on February 12, 2004. The return indicated that process was served on the registry and forwarded by mail to the last address for Evans appearing in the registrar's records, in accordance with G. L. c. 90, § 3C.

bills as evidence on November 16, 2005. On November 30, 2005, the Raposos moved for default judgment due to Evans's failure to appear at depositions or to respond to discovery; Evans opposed the motion. On January 12, 2006, the Raposos filed a motion to compel Evans's presence at deposition and a motion to compel further discovery, which Evans also opposed. On January 23, 2006, the parties filed a joint pretrial memorandum. On February 1, 2006, the Raposos filed a "reapplication for default for failure to" comply with discovery requests pursuant to Mass.R.Civ.P. 33(a)(4), as appearing in 436 Mass. 1401 (2002). The motion for default judgment and the motion to compel were denied, "in light of re-application for Final Judgment against Defendant Evans pursuant to Mass.R.Civ.P. 33(a)(4)." On February 24, 2006, Evans was defaulted for "failure . . . to respond to discovery." On February 27, 2006, a default judgment under Mass.R.Civ.P. 33(a) was entered "on liability only."

On March 6, 2006, nearly eighteen months after the filing of his first motion to dismiss, Evans's attorney filed a second motion to dismiss for insufficiency of service,[10] on the same grounds as the first motion to dismiss, but this time adding that the initial service on Evans had been made upon a commercial establishment (a restaurant), which, if true, could not have been Evans's last and usual abode.[11] After a hearing, the judge denied the motion on August 1, 2006, concluding that Evans had waived and abandoned the defense of insufficiency of process, notwithstanding having pleaded it in his answer, by his failure to meaningfully pursue it for more than five years, until after the final pretrial conference and after his participation in discovery and motion practice.[12,13]

---

[10]The motion was served on February 22, 2006, and docketed on March 6, 2006.

[11]Evans attached to his second motion to dismiss an affidavit from Michael Duni, the owner of the property at 237 Hamilton Street, Saugus, where Evans was purportedly served. In that affidavit, Duni states that the property is, and was in May of 2001, a commercial business known as "Mike's Roast Beef" or "Mike's Place," and that "[t]here is no Apartment #2 at that address."

[12]Evans served his second motion to dismiss on February 22, 2006. The court entered a judgment of liability on February 27, 2006, and denied the second motion to dismiss on August 1, 2006.

[13]It is unclear from the record to what extent, or if at all, Evans initiated

Thereafter, damages were assessed against Evans.[14] After entry of final judgment on November 28, 2006, Evans appealed.

*Discussion.* The issue is whether a defendant who challenges service of process in his answer has the obligation to move to dismiss on those grounds within a reasonable time, prior to substantially participating in discovery and litigating the merits of the case, and whether the defense is waived for failure to do so.

While no Massachusetts cases have addressed this issue, "[w]e are . . . guided by judicial interpretation of the parallel Federal rule, absent compelling reasons to the contrary or significant differences in content." *Shuman* v. *The Stanley Works*, 30 Mass. App. Ct. 951, 952-953 (1991). See *Howard* v. *Burlington*, 399 Mass. 585, 589 (1987). Rule 12(h)(1) of the Massachusetts Rules of Civil Procedure, 365 Mass. 757 (1974), which uses the same wording as its Federal counterpart, provides that the defense of "insufficiency of service of process . . . is waived . . . if it is neither made by motion . . . nor included in a responsive pleading."

While rule 12(h)(1) does not explicitly impose an obligation to file a timely motion to dismiss for lack of proper service (despite preserving the defense in an answer), generally the few Federal courts that have addressed the issue have imposed such an obligation. These courts have held that a defendant's failure to move to dismiss for improper service within a reasonable time and prior to participating in discovery and litigating the merits of the case constitutes a waiver of the defense.[15] See *Datskow* v. *Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir.), cert.

---

discovery or complied with the Raposos' discovery requests. The record indicates that the Raposos filed interrogatories and that depositions of Evans were scheduled, but that Evans never appeared for depositions or filed responses to interrogatory requests.

[14]Damages were assessed in the amount of $87,000 ($120,000 less an offset of $33,000 for uninsured motorist benefits, personal injury protection benefits, and medical payments).

[15]These cases discuss Fed.R.Civ.P. 12(h)(1) and involve motions to dismiss for lack of personal jurisdiction due to insufficiency of service of process. See *Datskow* v. *Teledyne, Inc.*, 899 F.2d 1298 (2d Cir.), cert. denied, 498 U.S. 854 (1990); *Continental Bank, N.A.* v. *Meyer*, 10 F.3d 1293 (7th Cir. 1993); *Burton* v. *Northern Dutchess Hosp.*, 106 F.R.D. 477 (S.D.N.Y. 1985). The defendants in those cases essentially argued that as they were not properly served, the court did not have personal jurisdiction. The issue litigated was whether the defendants waived their right to challenge proper service — and

denied, 498 U.S. 854 (1990) (defendant waived proper service by participating in "scheduling discovery and motion practice"); *Continental Bank, N.A.* v. *Meyer,* 10 F.3d 1293, 1297 (7th Cir. 1993) (despite pleading defense of insufficiency of service, by participating in discovery and motion practice, defense was waived); *Burton* v. *Northern Dutchess Hosp.,* 106 F.R.D. 477, 481 (S.D.N.Y. 1985) (defense of insufficiency of service of process must be raised "in a reasonably timely manner or it is waived"). See also *Marcial Ucin, S.A.* v. *S.S. Galicia,* 723 F.2d 994, 996 (1st Cir. 1983), quoting from *Neirbo Co.* v. *Bethlehem Corp.,* 308 U.S. 165, 168 (1939) (waiver of defense of lack of personal jurisdiction may occur "by failure [to] assert [it] seasonably").

In *Burton,* 106 F.R.D. at 481, while the defense of improper service was pleaded, a motion to dismiss was not filed until more than three and one-half years after the commencement of the action. During those years, the parties attended conferences and participated in discovery and motion practice. *Id.* at 480. The court held that the defendant "should have moved at the earliest possible opportunity to dismiss the complaint," reasoning that "a prompt motion to dismiss would have saved all parties and the court the expense of years of discovery, pre-trial conferences and motions relating to discovery and to the merits of the complaint." *Id.* at 481.

Similarly, in *Continental Bank,* 10 F.3d at 1297, "the defendants fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction." During that time the defendants "participated in lengthy discovery, filed various motions and opposed a number of motions filed by the [plaintiff]." *Ibid.* The court held that the defendants waived the defense because "they did not comply with the spirit of the rule, which is 'to expedite and simplify proceedings . . . .' " *Ibid.,* quoting from *Yeldell* v. *Tutt,* 913 F.2d 533, 539 (8th Cir. 1990). In *Datskow,* 899 F.2d at 1303, the defendant only participated in the administration of the case

---

by extension, personal jurisdiction — through their conduct and participation in the litigation. Insufficiency of process and lack of personal jurisdiction are defenses that can be waived under Fed.R.Civ.P. 12(h)(1) and Mass.R.Civ.P. 12(h)(1) if not timely raised by motion or responsive pleading.

for a few months. During that time, the "[d]efendant attended the conference with the magistrate and participated in scheduling discovery and motion practice." *Ibid.* Despite the short time period, the court applied similar reasoning, holding that the defense was waived because the issue could have easily been cured if the defendant had promptly complained. *Ibid.*

Conversely, other Federal courts have chosen not to apply this obligation. See *Wilson* v. *Kuwahara Co., Ltd.*, 717 F. Supp. 525, 527 (W.D. Mich. 1989) ("[t]he conduct on the merits that prompted the waiver of jurisdictional defense holdings in the New York cases was far more extensive and prejudicial than that of [the defendant] in this case"); *United States* v. *Ziegler Bolt & Parts Co.*, 19 Ct. Int'l Trade 507, 520 (1995) ("[t]his Court rejects the adoption of court-imposed obligations unauthorized by the rules that may effectively force defendants to waive their legitimate affirmative defenses . . . which have been properly asserted in their answers").

We find persuasive the reasoning that requires action within a reasonable time. A defendant who challenges service of process in his answer must move to dismiss within a reasonable time, prior to substantially participating in discovery and litigating the merits of the case.[16] This will save the parties and the courts substantial time, expense, and effort.

Here, Evans waived the defense. Although Evans averred in his answer that service was insufficient, he failed to file a motion to dismiss until more than three years after filing his answer. Even then, he filed a bare bones motion, without evidentiary support, which was denied. Nearly eighteen months later, almost one and one-half months after filing the joint pretrial memorandum, a second motion was brought, this time with compelling evidence of service being made, not to an abode, but to a restaurant.

This second motion, however, came almost five years after the answer was filed, and after Evans agreed to a discovery

---

[16]What is a reasonable amount of time is determined by the facts of the case and is left to the discretion of the court. Compare *Wilson* v. *Kuwahara Co., Ltd.*, 717 F. Supp. at 528 ("[I]t would be unduly harsh to penalize [the defendant] by finding it waived its jurisdictional objection by engaging in a moderate amount of pretrial activity for a relatively short period of time after properly raising that objection").

schedule and participated in motion practice as well as the final pretrial conference. As the judge in his memorandum of decision on the second motion to dismiss stated, "[a]lthough Evans noted that there was insufficient service of process several times during the evolution of this case, Evans failed to channel his efforts and pursue this defense in any meaningful way for a period of several years."[17]

As the court in *Burton*, 106 F.R.D. at 481, stated:

> "Defendants have literally complied with Rule 12(h)(1) by asserting the defense . . . . These responsive pleadings, however, do not preserve the defense in perpetuity. Defendants are required at some point to raise the issue by motion for the court's determination. After preserving the jurisdictional defense in their answers, defendants should have sought discovery immediately to ascertain whether service was proper. If they discovered that service was not proper, defendants should have moved at the earliest possible opportunity to dismiss the complaint. This would have allowed plaintiff to re-serve the summons and complaint before the expiration of the statute of limitations. . . . Even if plaintiff could not have re-served the summons and complaint within the limitations period, a prompt motion to dismiss would have saved all parties and the court the expense of years of discovery, pre-trial conferences and motions relating to discovery and to the merits of the complaint."

*Judgment affirmed.*

---

[17]The grounds relied on in Evans's two motions to dismiss were nearly identical, except that the second motion added the crucial averment that the address at which Evans was initially served was a business and could not have been an abode. We do not address the effect of the failure to include that averment in the first motion when the judge considered the second motion. See Mass.R.Civ.P. 12(g) and 12(h)(1)(A), 365 Mass. 757 (1974).