McCann, John S., J.
Commerce Insurance Company (Commerce) is a Massachusetts insurer with its principal place of business in Webster, Massachusetts. Commerce is represented by Leonard H. Golder, Esq., of 67 Old Bolton Road, Stow, MA 01775. Pamela Johnson (Johnson) is a resident of South Carolina. Johnson is represented by Susan Johnson Bowen, Esq., of Warren, Henley & Bowen, 33 Broad Street, Suite 800, Boston, MA 02109.
Commerce, as subrogee of its insured, Francisco Vargas (Vargas), brought this action to recover for damages sustained to Vargas’s real and personal property as a result of a fire at an adjacent property. At the time, the adjacent property was owned byJohnson. In its complaint, Commerce alleges that the fire occurred as a result of Johnson’s negligence. As Vargas’s insurer, Commerce paid for the damage to Vargas’s property and filed this action to seek reimbursement from Johnson. It seeks $38,036.25 in property damages plus clean-up costs, Vargas’s deductible, court costs, interest, attorneys fees, and any other costs the Court deems proper.
Johnson now moves to dismiss the complaint filed against her. Her motion to dismiss is based on insufficiency of process and insufficiency of service of process under Mass.R.Civ.P. 12(b)(4) and (5).[2] Commerce has filed a memorandum opposing Johnson’s motion to dismiss. In response, Johnson has filed a supplemental memorandum in support of her motion to dismiss. For the following reasons, Johnson’s Motion to Dismiss is ALLOWED.
FACTUAL BACKGROUND
This action arose out of a June 24, 2004, fire at 96 Ash Street, Danvers, Massachusetts (the Danvers property). As stated above, Johnson owned the Dan-vers property at the time of the fire. However, Johnson moved from Massachusetts to Bluffton, South Carolina, shortly after the fire. Johnson sold the Danvers property on December 23, 2004, filing the deed with the Southern Essex District Registry of Deeds.
In 2005, Commerce filed suit against Johnson in Essex Superior Court, seeking the same relief as that sought in the current action. That suit was dismissed for lack of service. Commerce filed its present complaint on June 20, 2007, four days before the statute of limitations ran out on its claim. Essex County Deputy Sheriff Chester Kozlosky made service per Mass.R.Civ.P. 4(d)(1) on September 11, 2007, leaving copies of the required documents at what he thought was Johnson’s “last and usual place of abode.” That address was the Danvers property, the location of the fire that caused damage to Vargas’s real and personal property and Johnson’s home at the time of the fire.
Johnson filed an answer on November 27, 2007, citing the affirmative defenses of insufficient process and insufficient service of process. On November 26, 2007, Johnson submitted to Commerce a first set of interrogatories and a first request for production of documents. After Commerce failed to answer Johnson’s interrogatories within forty-five days, Johnson submitted to Commerce a final request for answers to interrogatories under Mass.R.Civ.P. 33(a). On April 23, 2008, Commerce submitted responses to Johnson’s interrogatories and request for production of documents. On May 29, 2008, Johnson filed the motion to dismiss that is presently before this Court.
DISCUSSION
Johnson’s motion to dismiss is based on Mass.R.Civ.P. 12(b)(5), which permits the dismissal of an action due to insufficiency of service of process. In particular, Johnson argues that service was not made in accordance with Mass.R.Civ.P. 4(d)(1) because copies of the required documents were not left at her “last and usual place of abode.” Before addressing Johnson’s argument, this Court will address Commerce’s waiver argument, raised in its memorandum opposing Johnson’s motion.
I. Waiver of Johnson’s Insufficiency of Service of Process Defense
A party may waive its service of process defense in one of three ways: by failing to affirmatively raise the *83 defense in its first responsive pleading or in a motion; by formally submitting to jurisdiction; or by impliedly submitting to jurisdiction through its conduct. See Marcial Ucin, SW v. SS Galicia, 723 F.2d 994, 996-97 (1st Cir. 1983), citing Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 168 (1939); see also Raposo v. Evans, 71 Mass.App.Ct. 379, 383-85 (2008) (discussing waiver by conduct). Raposo is the first and only published Massachusetts state case to address the issue of waiver regarding an insufficiency of service defense. The Appeals Court was guided by “judicial interpretation of the parallel Federal rule” because Mass.R.Civ.P. 12(h)(1) tracks Fed.R.Civ.P. 12(h)(1) and it was an issue of first impression. Raposo, 71 Mass.App.Ct. at 383.
In determining whether waiver by conduct occurred, the Raposo court considered two factors: how much time passed before the defendant raised the defense in a motion to dismiss and how much the defendant participated in the litigation before filing its motion. See id. at 385-86 (applying factors to defendant’s conduct). It held that “[a] defendant who challenges service of process in his answer must move to dismiss within a reasonable time, prior to substantially participating in discovery and litigating the merits of the case.” Id. at 385. The court noted that what is considered a reasonable amount of time is to be determined per a court’s discretion. Id. at 385 n.16. When making this assertion about timing, the court quoted Wilson v. Kuwahara Co., which stated “[i]t would be unduly harsh to penalize [the defendant] by finding it waived its jurisdictional objection by engaging in a moderate amount of pretrial activity for a relatively short period of time after properly raising that objection.” 717 F.Sup. 525, 528 (W.D.Mich. 1989) (holding that defendant did not waive its defense).
The Raposo defendant filed two motions to dismiss based on insufficient service of process. Raposo, 71 Mass.App.Ct. at 381 -82. He filed his first motion three years after he filed his answer (the motion was denied) and did not file his second motion until four and a half years after the answer. Id. During those four and a half years, the defendant agreed to a discovery schedule and participated in both motion practice and a final pretrial conference. Id. at 385-86. In fact, the defendant filed his second motion only about one and a half months after the parties filed their joint pretrial memorandum. Id. at 385. Based on these facts, the Appeals Court held that the defendant waived the insufficiency of service of process defense. Id. at 385-86 (quoting judge’s decision, which stated “(the defendant] failed to channel his efforts and pursue this defense in any meaningful way for a period of several years”).
Unlike the defendant in Raposo, Johnson did not delay considerably in pursuing her insufficiency of service defense. Johnson filed her motion to dismiss based on insufficiency of service of process within one year after the complaint was filed. More significantly, the motion was filed only six months after Johnson answered the complaint. This is far less time than the three years and four and a half years the Raposo defendant waited to file his respective motions after filing an answer.
Johnson’s level of participation in the litigation also does not reach the level of the Raposo defendant’s participation. Johnson did participate in discovery. However, she only submitted a first set of interrogatories, followed by a final request for answers to interrogatories under Mass.R.Civ.P. 33(a), and a first request for production of documents. That was the extent of her involvement in the litigation before filing a motion to dismiss. The defendant in Raposo, on the other hand, agreed to a discovery schedule, opposed two motions filed by the plaintiff, attended the final pretrial conference, and filed ajoint pretrial memorandum before filing his second motion to dismiss. The two defendants cannot be compared in terms of their respective levels of participation.
Therefore, Commerce’s argument that Johnson waived her insufficiency of service of process defense fails.[3]
II. Sufficiency of Service of Process Made on Johnson
Commerce served process on Johnson, under Mass.R.Civ.P. 4(d)(1), by leaving the required documents at what it thought was Johnson’s “last and usual place of abode,” the Danvers property. Courts have not defined the term “usual place of abode,” but generally require “enough of a nexus or identity between the individual served and the place where service was left to demonstrate that the individual considered that place ‘home’ at the time of service.” United States v. Tobins, 483 F.Sup.2d 68, 75 (D.Mass. 2007), quoting In re Daboul, 82 B.R. 657, 660 (Bankr.D.Mass. 1987). Thus, where a court finds that, at the time of service, the defendant was not residing at the address to which service was delivered, service of process is improper under the “last and usual place of abode” method. See, e.g., Farley v. Sprague, 374 Mass. 419, 422 (1978) (defendant had not resided at address for forty years); Rogan v. Liberty Mut. Ins. Co., 305 Mass. 186, 187 (1940) (defendant had not resided at address for more than two months); Konan v. Carroll 37 Mass.App.Ct. 225, 228 (1994) (defendant had not resided at address for more than four years); see also Tobins, 483 F.Sup.2d at 75-76 (summarizing Massachusetts state case law).
In the case before this Court, Commerce served Johnson at the Danvers property in September 2007, despite the fact that Johnson moved to South Carolina in 2004. In support of her contention that she no longer resided at the Danvers property, Johnson submitted an affidavit from her attorney averring the change in residence. Because Johnson’s affidavit was not controverted by any affidavit from Commerce, the facts as alleged in Johnson’s affidavit must be ac *84 cepted as true by this Court. See Farley, 374 Mass. at 424-25 (applying federal court precedent in holding that moving party’s non-controverted affidavits in Rule 12 motion are binding on courts). Johnson also submitted a copy of the deed reflecting the December 2004 sale of the Danvers property. While not a binding affidavit, the deed is nonetheless further evidence that Johnson did not reside at the address to which service was made. This case therefore falls squarely within the Massachusetts precedent cited above that holds that service is improper when it is delivered to an address where the defendant no longer resides.[4]
ORDER
For the foregoing reasons, the defendant’s Motion to Dismiss is ALLOWED.

 Although Johnson cites both insufficiency of process and insufficiency of service of process as bases for her motion to dismiss, she only addresses insufficiency of service of process in the motion. Johnson does not allege any error in the process itself. Therefore, this Court will only address Johnson’s insufficiency of service of process argument.

 This decision also accords with the federal cases the Appeals Court discussed in Raposo. See Raposo, 71 Mass.App.Ct. at 384-85.

 In its opposition memorandum, Commerce also argues that should this Court find that Johnson did not waive her personal jurisdiction defense and that there was a lack of sufficient service, Johnson’s motion to dismiss should still be denied because Commerce had “good cause” per Mass.R.Civ.P. 4(j) for its failure to timely serve Johnson. Commerce does not cite any case law in support of its assertion. Its only support for the assertion that good cause existed is the fact that Johnson’s own attorney apparently could not locate an address for Johnson in South Carolina. “Good cause is ‘a stringent standard requiring diligen[t]’ albeit unsuccessful effort to complete service within the period prescribed by the rule.” Comm'r of Revenue v. Corrigan, 45 Mass.App.Ct. 309, 311 (1998), quoting Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1991). Because Commerce has failed to provide any information about its “diligent albeit unsuccessful” attempt to serve Johnson it is impossible for this Court to address Commerce’s good cause argument.