Lucy Jones & others[1] *vs.* Ronald Boykan & others.[2]

No. 10-P-818.

Hampden. December 9, 2010. - May 11, 2011.

Present: Lenk, Brown, & Mills, JJ.[3]

Further appellate review granted, 461 Mass. 1101 (2011).

*Judgment,* Default, Relief from judgment. *Notice,* Of judgment. *Practice, Civil,* Vacation of judgment. *Rules of Civil Procedure. Due Process of Law,* Notice.

A Superior Court judge erred in granting a motion to vacate a default judgment entered against one of the defendants in a civil action, where, as to that individual defendant, there was no showing of good cause or excusable neglect, and the judgment was not void as a matter of law. [468-471]
Statement that the interests of justice demanded that no further delay be countenanced in the reinstatement of a default judgment and an award of damages in a civil action alleging violation of a citizen's civil rights by a police officer. [471]

Civil action commenced in the Superior Court Department on June 12, 2003.

A motion for judgment of default, filed on June 7, 2004, was heard by *Peter A. Velis,* J., and motions for reconsideration were heard by him; a motion for summary judgment, filed on December 18, 2006, was heard by *C. Jeffrey Kinder,* J.; and a motion to dismiss, filed on June 7, 2007, was heard by *Mary-Lou Rup,* J.

*Garry Teixeira* for the plaintiffs.

*Kathleen E. Sheehan* for the defendants.

Brown, J. By a complaint filed in Superior Court, the plaintiffs

[1]Nicole Jones, Sierra Jones, and William Owens.

[2]Springfield police department and the city of Springfield.

[3]This case was argued before Justices Lenk, Brown, and Duffly. Following the appointment of Justice Duffly as an Associate Justice of the Supreme Judicial Court, Justice Mills was added to the panel and participated in this decision.

claimed that a police officer, employed by the city of Springfield (city), unlawfully invaded a restricted area of their family-owned convenience store, brutally beat them, made false arrests, used excessive force, and filed a false report. One injured plaintiff was a female child. Two adult plaintiffs — Nicole Jones and William Owens — were charged with disorderly conduct and assault and battery on an officer, the latter of which (see G. L. c. 265, § 13D) was punishable by up to two and one-half years in a house of correction. This violent incident occurred in June of 1999.

The officer in question — Ronald Boykan of the Springfield police department (department) — conducted the premises search and made the individual arrests, without a warrant or probable cause. At trial, more than one year later, a jury exonerated Nicole Jones and William Owens of all charges. The plaintiffs then filed a citizens' complaint with the department,[4] seeking redress for the harm they had suffered at the hands of Officer Boykan. An internal investigation resulted in modest disciplinary action against him: he was required to attend remedial classroom training, but he was not required to make restitution. Apart from their injuries, the plaintiffs incurred burdensome medical costs. As a further consequence, as they were of modest means, the plaintiffs suffered the loss of the family business. These core facts, found by the motion judge, are not reasonably disputed.

*Procedural history.* In June, 2003, the plaintiffs brought an action in Superior Court against Officer Boykan and the city's police department. Their complaint plausibly raised claims under 42 U.S.C. § 1983 and State law.[5] Service of process was made on the defendants, as of September 23, 2003, by way of hand

---

[4]"Police departments must depend on reports from private citizens concerning possible illegal activity and the collection of such communications is an important and entirely legitimate law enforcement function." *Bougas* v. *Chief of Police of Lexington*, 371 Mass. 59, 63 (1976). See *Worcester Telegram & Gazette Corp.* v. *Chief of Police of Worcester*, 58 Mass. App. Ct. 1, 7-8 (2003).

[5]Whether appraised by the current standard, *Iannacchino* v. *Ford Motor Co.*, 451 Mass. 623, 636 (2008), or the traditional measure, *Nader* v. *Citron*, 372 Mass. 96, 98 (1977), the factual allegations of the complaint were legally sufficient to raise claims of assault and battery, both negligent and intentional infliction of emotional distress, false arrest, and use of excessive force.

delivery and certified mail, addressed to the city clerk and business office of the department.[6] The complaint went unanswered.

The city was properly served,[7] and although Boykan was not served at his last known residence, see Mass.R.Civ.P. 4(d)(1), as amended, 370 Mass. 918 (1976), he admitted he had "actual notice" of the complaint in 2003. Thus, there was an empty period of at least seven months when the complaint remained unanswered by him, prior to the date — July 26, 2004 — when the court ordered a default judgment to enter against him.

Notably, on December 1, 2003, some sixty days from the date of service, the Springfield law department, on behalf of both defendants, caused to be served on the plaintiffs a two-sentence motion under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), and a two-page supporting memorandum, in accordance with Superior Court Rule 9A (1989). In the motion, the defendants argued that certain claims of the plaintiffs were either time-barred, legally insufficient, or both. The plaintiffs, in turn, served an opposition and a written demand for a hearing on the motion.

For unknown reasons, the defendants abandoned their rule 12 motion. They neither filed it nor presented it to the Superior Court.[8] The motion itself did not raise a defense of insufficient service of process, or its corollary, of a want of personal jurisdiction. The prevailing interpretation of Mass.R.Civ.P. 12(h),

[6]The motion judge found that "[t]he plaintiffs addressed each of the four complaint copies to the clerk referencing both his full name and title. The address of service on each copy exactly matches the address of defendants' counsel." The motion judge further found that "[t]he defendants attested to the accuracy of their address in each motion, memorandum, and responsive pleading now before this court."

[7]The judge, sua sponte, acknowledged the city ought to be substituted for the department as the defendant (qua public employer), by virtue of the misnomer rule, given that it was properly served and was the intended target for the complaint. *Hennessey* v. *Stop & Shop Supermarket Co.*, 65 Mass. App. Ct. 88, 91-92 (2005). He further noted that the city had waived the defense of misnomer "by failing to raise it in a responsive pleading," see Mass.R.Civ.P. 12(b)(8), 365 Mass. 754 (1974), and that the plaintiffs were free to move to correct the misnomer. A second amended complaint was filed to this effect. Application of the misnomer rule has not been otherwise challenged on appeal, and the issue now appears moot, as the case presently stands.

[8]The motion judge made reference to the defendants' sworn affidavit (not included in the record), wherein the defendants stated that they "assumed the plaintiffs had decided not to pursue the matter."

365 Mass. 757 (1974), requires a defendant to raise an affirmative defense — including but not limited to insufficient service of process — within "a reasonable time and prior to participating in discovery and litigating the merits of the case," or run the risk of having such a defense deemed waived. *Raposo* v. *Evans*, 71 Mass. App. Ct. 379, 383 (2008). See *id.* at 383-384 & n.15, citing Federal decisions construing the parallel Fed.R. Civ.P. 12(h)(1). If made aware of a service of process flaw, the plaintiffs could have easily remedied the same with leave of court. See Mass.R.Civ.P. 4(g), 365 Mass. 733 (1974), and the 1973 Reporters' Notes thereto, Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 27 (LexisNexis 2010-2011), citing G. L. c. 231, § 51.[9]

Moreover, the defendants took no action over the following six-month time period, between December 2, 2003, and June 2, 2004. They did not attend duly-noticed hearings, neglected to provide discovery, and offered no excuse for ignoring the case at hand.

Subsequently, on June 3, 2004, the clerk issued a default against the defendants, see Mass.R.Civ.P. 55(a), 365 Mass. 822 (1974). Nearly two months later, on July 26, after having held a hearing, the motion judge ordered the entry of a default judgment pursuant to Mass.R.Civ.P. 55(b)(2), awarding damages in the amount of $1 million against the defendants.

This prompted the defendants, on August 4, to file an "emergency" motion to vacate the default judgment. The default judgment was entered on August 9, 2004, and the defendants' motion was heard on September 14. The motion judge denied the requested relief. The judge ruled that the grounds cited by the defendants for relief under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), lacked merit, and added that justice would not be

---

[9]General Laws c. 231, § 51, as amended through St. 1988, c. 141, § 1, provides in pertinent part:

> "In all civil proceedings, the court may at any time . . . allow any other amendment in matter of form or substance in any process . . . which may enable the plaintiff to sustain the action . . . for recovery for the injury for which the action was intended to be brought . . . ."

Ordinarily, § 51 is liberally applied. *George Altman, Inc.* v. *Vogue Internationale, Inc.*, 366 Mass. 176, 181 (1974).

served in this case by "relieving the defendants from their conscious, extended, and unjustified inattention" to the case.[10] The judge characterized the defendants' contentions that they had been disadvantaged by inadequate service of process as being, at best, "disingenuous."

The defendants' renewed motion, filed on November 2, 2004, did not raise any different ground for reconsideration of the denial of their original rule 60(b) motion. The judge changed course, however, and in an order dated June 30, 2005, allowed the renewed motion insofar as it sought an order vacating the default judgment vis-à-vis Boykan because of the plaintiffs' technically deficient service of process.[11] The judge concluded that Boykan did not waive a defense of insufficiency of service of process. The combined rulings were error as matter of law.[12]

*Discussion.* 1. *Rule 60(b).* Rule 60(b) of the Massachusetts Rules of Civil Procedure provides a limited exception to the finality of a judgment. Relief is available in a narrow set of circumstances, specified in subdivisions (b)(1) through (b)(6), to accomplish justice. "Properly applied Rule 60 (b) strikes a balance between serving the ends of justice and preserving the finality of [a] judgment[]." *Harris* v. *Sannella*, 400 Mass. 392, 395 (1987), quoting from *Nemaizer* v. *Baker*, 793 F.2d 58, 61 (2d Cir. 1986). That appropriate balance, between finality and justice, was turned on its head in this case.

Even though rule 60(b) allows for a considerable measure of discretion in its application, a judge is not permitted, in exercis-

---

[10]Among his findings, the judge found that nine duly-noticed hearings, spanning a period of some eleven months, went "unanswered" by the defendants; that an affidavit of counsel failed to reference any effort to initiate communication with the plaintiffs, or any "basic measures" to monitor the action; and that counsel's same affidavit "acknowledged a conscious decision to discontinue all activity" in the action.

[11]The judge also allowed the defendants' request to vacate the award of damages and ordered that another hearing to assess damages against the department be held. As to this ruling, see note 15, *infra.*

[12]Some two years later, judgments entered dismissing all of the plaintiffs' claims. Because the June 30, 2005, interlocutory order was error as matter of law, the later proceedings resulting in dismissal of the plaintiffs' claims are of no consequence. The parties skirmished as to whether the plaintiffs' subsequent appeal was timely filed. This court ruled that the appeal was in fact timely and remanded the case to the Superior Court for further proceedings. *Jones* v. *Boykan*, 74 Mass. App. Ct. 213 (2009).

ing that discretion, to grant relief to a party absent a showing of good cause or excusable neglect, see *Gath* v. *M/A-Com, Inc.,* 440 Mass. 482, 497 (2003) *and* the existence of a meritorious defense. See *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 430 (1979); *Tai* v. *Boston,* 45 Mass. App. Ct. 220, 222 (1998). The motion judge did not find that any such showing was made here by Boykan, so as to permit the issuance of relief under subdivision (b)(1), the excusable neglect exception,[13] or that of (b)(6), the catch-all provision, available only in exotic or exceptional circumstances,[14] not shown to be present in this case.

The only possible ground for relief under rule 60(b) was its quite narrow exception, provided for by subdivision (b)(4), which applies only in the circumstance when a judgment is "void" as matter of law. We review de novo the judge's decision along this line. See *Field* v. *Massachusetts Gen. Hosp.,* 393 Mass. 117, 118 (1984), citing Reporters' Notes to Mass.R.Civ.P. 60(b)(4), Mass. Ann. Laws, Rules of Civil and Appellate Procedure at 586 (Law. Co-op. 1982) ("Rule 60[b][4] allows relief only from void judgments. A court must vacate a void judgment. It may not vacate a valid one. No discretion is granted by the rule").

Indisputably, Boykan had actual notice of the complaint well in advance of the entry of the default judgment. Despite any flaw or shortcoming of a technical nature, neither was personal jurisdiction wanting nor was there a failure by the plaintiffs to abide by due process requirements. See *Eastern Sav. Bank* v. *Salem,* 33 Mass. App. Ct. 140, 143 (1992), citing *Bowers* v. *Board of Appeals of Marshfield,* 16 Mass. App. Ct. 29, 32 (1983). Boykan had at all material times adequate notice of the complaint and a meaningful opportunity to be heard in answer to the claims raised. See *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). No prejudice accrued to him. The judgment was not void, as matter of law, as that concept is understood by rule 60(b)(4). See *Atlas Elevator Co.*

---

[13]As to rule 60(b)(1), see *Murphy* v. *Administrator of the Div. of Personnel Admn.,* 377 Mass. 217, 228 (1979).

[14]As to rule 60(b)(6), see *Artco, Inc.* v. *DiFruscia,* 5 Mass. App. Ct. 513, 517 (1977).

v. *Stasinos*, 4 Mass. App. Ct. 285, 287-288 & n.2 (1976); *City Council of Waltham* v. *Board of Appeals of Waltham*, 5 Mass. App. Ct. 773, 774 (1977). Inherent in the concept of a void judgment is an act of usurpation of authority by the court, a rare circumstance that is unquestionably not present here. See *United Student Aid Funds, Inc.* v. *Espinosa*, 130 S. Ct. 1367, 1377 (2010); *Harris* v. *Sannella*, 400 Mass. at 395.

In *Espinosa*, the United States Supreme Court made it quite clear that rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Ibid.* For a unanimous Court in *Espinosa*, Justice Thomas ruled that although a debtor's failure to cause a summons and complaint to be served on a creditor had deprived the latter of a right afforded by a procedural rule in an action in the United States Bankruptcy Court, the deprivation did not amount to a violation of the creditor's due process rights. 130 S. Ct. at 1378. The Court held: "Where . . . a party is notified of a plan's contents and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate, and the party's failure to avail itself of that opportunity will not justify Rule 60(b)(4) relief." *Id.* at 1380.

It works no deprivation of due process to hold that a personal defense of insufficiency of service of process may be waived by an individual defendant's failure to timely assert it, where, as here, it has been made to appear that the party not only has had actual notice of the complaint but also has, by word or deed, implicitly submitted to the court's jurisdiction. See *Insurance Corp. of Ireland, Ltd.* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived"). Compare *Raposo* v. *Evans*, 71 Mass. App. Ct. at 385. Any different conclusion would yield a maze of contradictions.

Having had actual notice of the action, the defendants failed entirely to show any reasonable explanation for neglecting to inquire as to the status of the case until filing an emergency motion in response to the default judgment. See *Scannell* v. *Ed. Ferreirinha & Irmao, Lda.*, 401 Mass. 155, 161 (1987), quoting

from *Taylor* v. *Boston & Taunton Transp. Co.*, 720 F.2d 731, 732-733 (1st Cir. 1983) ("The reasonable course of action for [the defendants] to have followed would have been to make some further inquiry . . . to ascertain the true status of the case. Instead . . . [the defendants] did nothing until after receiving a copy of the final judgment"). The default judgment, produced by the defendants' own wilful conduct, must stand.

2. *Interests of justice.* "Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *City of Riverside* v. *Rivera*, 477 U.S. 561, 574 (1986). Redress of harms resulting from the misconduct of police officers, offensive to well-settled constitutional standards of reasonableness, decency, and fairness, implicit in the concept of ordered liberty, must be available, without injurious delay to all citizens equally. That was the egregious error here, and no further delay can be countenanced.

The city makes no attempt to defend the conduct of its officer. Inferentially, its tepid disciplinary action displayed an indifference to, if not a ratification of, that actionable conduct. "Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example." *Olmstead* v. *United States*, 277 U.S. 438, 485 (1928) (Brandeis, J., dissenting). The city failed to teach by positive example and instead with its police officer bred contempt in its citizenry for agents of law enforcement.

*Conclusion.* The judgment dated February 16, 2007, and the amended judgment dated April 12, 2007, are reversed, as is so much of the order of June 30, 2005, as granted relief to Boykan and the city from the binding terms of the default judgment. The default judgment and damages award entered on August 9, 2004, shall be reinstated in all respects against the city and Boykan, with all due ministerial modifications, including interest and court costs.[15]

*So ordered.*

---

[15]The defendants have pressed for another hearing for an assessment of damages, in light of the Supreme Judicial Court's recent opinion in *Hermanson* v. *Szafarowicz*, 457 Mass. 39, 48-51 (2010). Ordinarily, justice would require as much; however, in this situation, owing in no small part to the

Jones *v.* Boykan.

defendants' wilful inattention to this matter, the plaintiffs' action has now been extended more than twelve years from the incident that brought about their injuries and harm. With this substantial passage of time, it would be unfair and unjust to require the plaintiffs to present evidence, which now may be stale, lost, or otherwise unavailable through no fault of their own. It is enough to say the "circuity and obviously wasted effort involved in these proceedings [could have been] avoided" if the defendants had taken a "more realistic view" of rule 60(b). *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 140 (1978) (Hennessey, C.J.). "Justice too long delayed is justice denied." Martin Luther King, Jr., Letter from Birmingham Jail (April 16, 1963).