The defendant, Applied Resources Corporation, appeals from the denial of its motion to vacate a default judgment and from an order denying its motion for reconsideration of that denial. A judge of the Superior Court concluded that notwithstanding a defect in the service of process on the defendant, the defendant had actual notice of the legal action that had been filed against it and therefore was not entitled to relief from the judgment. We affirm.
Background. In October, 2016, counsel for the plaintiff, APEM, Inc., filed a complaint against the defendant for breach of contract, violation of G. L. c. 93A, account stated, unjust enrichment, and breach of the covenant of good faith and fair dealing. Service was made on Mark Colello, the president and registered agent of the defendant, on November 3, 2016. In serving the defendant, the plaintiff included the wrong complaint. However, Colello was served with the correct civil action sheet, summons, tracking order, and cover letter. The summons and cover sheet indicated the names of and other information concerning the parties, the type of action involved, and a brief description of the claims.
In December, 2016, the plaintiff filed a request for default, after receiving no response from the defendant. The plaintiff mailed a copy of this request and a cover letter to the court and to the defendant. On December 27, 2016, a default entered against the defendant, and the court sent a copy of the order to the defendant. In January, 2017, the plaintiff filed a motion for default judgment, and a hearing was scheduled for April 27, 2017. By letter dated April 5, 2017, the plaintiff mailed to the defendant copies of the motion for entry of a default judgment, the affidavit in support of the request for entry of a default judgment and assessment of damages, and the notice of the hearing on the assessment of damages. The defendant did not respond or appear at the hearing. Accordingly, on May 1, 2017, a default judgment entered against the defendant in the amount of $165,876.45 (an amount that included interest).
In September, 2017, the defendant filed a motion to vacate the default judgment, requesting relief pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). On October 18, 2017, the judge denied the defendant's motion because he found that the defendant was "aware of the pending suit against it" and was "aware of the imposition of the default," the plaintiff's request for a default judgment, and the scheduled hearing for the assessment of damages, yet took no action. The defendant filed a motion for reconsideration and a hearing was held on November 1, 2017. On November 13, 2017, the judge again denied the defendant's request to vacate the judgment, finding no valid basis for reversing the initial denial. This appeal followed.
Standard of review. In reviewing a motion for relief from judgment under Mass. R. Civ. P. 60 (b) (4), the court must determine "whether the record shows that the judgment from which relief is sought is void." Colley v. Benson, Young & Downs Ins. Agency, Inc., 42 Mass. App. Ct. 527, 529 (1997). The reviewing court "look[s] to the pleadings, affidavits, and exhibits to determine whether they show that the judgment in the underlying action is void and whether the judge erred in denying [the defendant's] request for relief." Id. at 529-530. A judgment is void if the court "lacked jurisdiction over the parties, lacked jurisdiction over the subject matter, or failed to provide due process of law." McIntire, petitioner, 458 Mass. 257, 264 (2010), quoting Harris v. Sannella, 400 Mass. 392, 395 (1987). See O'Dea v. J.A.L., Inc., 30 Mass. App. Ct. 449, 455 (1991) ("the concept of void judgments is narrowly construed"). If the judgment is void, the court must vacate it because "[n]o discretion is granted by the rule." Field v. Massachusetts Gen. Hosp., 393 Mass. 117, 118 (1984). Here, the defendant argues that because service was deficient pursuant to Mass. R. Civ. P. 4, as amended, 402 Mass. 1401 (1988), the default judgment entered against it is void as a matter of law. We conclude that despite being served with the incorrect complaint, the defendant had sufficient notice of the nature of the claims against it and an opportunity to be heard prior to the entry of the default judgment.
Discussion. A default judgment may be void if the defendant is not properly served with process. See Fleishman v. Stone, 57 Mass. App. Ct. 916, 916 (2003). Even where service is not properly made, however, a default judgment should not be set aside if the party still had "adequate notice of the complaint and a meaningful opportunity to be heard in answer to the claims raised." Jones v. Boykan, 79 Mass. App. Ct. 464, 469 (2011), S.C., 464 Mass. 285 (2013). See Atlas Elevator Co. v. Stasinos, 4 Mass. App. Ct. 285, 288 (1976).
The defendant claims that merely receiving notice of the plaintiff's identity, and the identity of the court where the claim is pending, does not satisfy Mass. R. Civ. P. 4 (e). Although it is true that service was not complete, due to the inclusion wrong complaint, this does not render the judgment void unless the defendant was also deprived of an "adequate notice of the complaint and a meaningful opportunity to be heard in answer to the claims raised." Jones, 79 Mass. App. Ct. at 469. The defendant does not dispute being served with the summons, tracking order, and civil action cover sheet which set forth the names of the parties, the type of suit the plaintiff filed against the defendant, and where it was filed.[2] More importantly, the defendant received copies of the plaintiff's motion for entry of a default judgment, the affidavit in support of the request for entry of a default judgment, and a notice of the hearing on assessment of damages. Accordingly, the defendant was aware that the plaintiff was moving for default judgment against it and when and where the hearing would be held. These materials were sufficient to put the defendant on notice that the plaintiff filed suit against it in Essex Superior Court for breach of contract, and provided the defendant with an opportunity to be heard prior to any entry of a default judgment. Despite this notice and opportunity, however, the defendant "did not attend duly-noticed hearings, neglected to provide discovery, and offered no excuse for ignoring the case at hand." Id. at 467.
The defendant emphasizes the point that Colello attempted to obtain the correct complaint from the plaintiff by leaving a message with a receptionist at the plaintiff's counsel's office. However, this was not done until after the defendant received notice of the hearing, which was five months after being served with the summons, tracking order, and cover sheet. The defendant took no other action despite being put on notice of the suit against it in November, 2016. Therefore, we conclude that the judgment entered against the defendant is not void under Mass. R. Civ. P. 60 (b) (4).[3]
Orders denying motions to vacate default judgment and for reconsideration affirmed.

The civil action cover sheet shows that the plaintiff's suit was a breach of contract action for goods sold and delivered, and specifically says that the "[d]efendant has failed and refused to pay without excuse after demand."

Likewise, we determine that the judge did not abuse his discretion in denying the defendant's motion to reconsider that included claims by the defendant that it had meritorious defenses and colorable counterclaims. The judge's ruling that the judgment was not void for lack of service reflects that the defendant failed to show the existence of "good cause or excusable neglect" necessary to permit the issuance of relief under rule 60 (b). See Jones, 79 Mass. App. Ct. at 468-469 (explaining the standards under Mass. R. Civ. 60 [b] versus rule 60 [b] [4] and stating that "[e]ven though rule 60 [b] allows for a considerable measure of discretion in its application, a judge is not permitted, in exercising that discretion, to grant relief to a party absent a showing of good cause or excusable neglect ... and the existence of a meritorious defense").