NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-377

WATERMARK II MEMBER LLC[1]

vs.

STELLA KIM & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants, Stella Kim and Justin Hwang (tenants), appeal from a judgment in favor of the landlord, Watermark II Member LLC, for possession of an apartment and damages for unpaid rent following a bench trial in the Housing Court, as well as from the denial of motions to vacate that judgment. We conclude that the "Resident Ledger" (ledger) was erroneously admitted without foundation establishing it as a business record and that the error prejudiced the tenants on the amount of monetary damages but not on the claim for possession. Further concluding that the motion judge acted within her discretion in denying Kim's late jury demand, and that the trial judge properly found that Hwang had actual notice of the proceedings,

_____

[1] Doing business as Watermark Kendall East Gables Residential.
[2] Justin Hwang.

we affirm the judgment for possession but vacate the monetary damages and remand for a new trial on those damages.

1.  Ledger.  "A record falls within the scope of the business records hearsay exception 'if the judge finds that it was (1) made in good faith; (2) made in the regular course of business; (3) made before the action began; and (4) the regular course of business to make the record at or about the time of the transaction or occurrences recorded.'"  Commonwealth v. Kozubal, 488 Mass. 575, 588 (2021), cert. denied, 142 S. Ct. 2723 (2022), quoting Commonwealth v. Fulgiam, 477 Mass. 20, 39 (2017).  We review a trial judge's evidentiary ruling for an abuse of discretion, see Kozubal, supra at 589, and, if we find error, we reverse only if that "error has injuriously affected the substantial rights of the parties."  David v. Kelly, 100 Mass. App. Ct. 443, 451 (2021), quoting Coady v. Wellfleet Marine Corp., 62 Mass. App. Ct. 237, 244 (2004).

Here, a ledger was admitted over Kim's objection without any foundational evidence -- either through testimony or certification -- that it was made or kept in the regular course of business.  In fact, the assistant property manager who testified on behalf of the landlord admitted to altering it at the trial attorney's suggestion.  Accordingly, it remained inadmissible hearsay, and its admission was error.

The ledger listed, among other charges, the alleged sums of outstanding rent. Although it was undisputed that Kim was behind on rent, the amount overdue was contested. Kim had stopped paying the full rent in April 2020 and had paid only $6,000 since that time.[3] Under the lease, the tenants owed $2,388 per month until the lease expired on August 16, 2020, then "[t]he monthly rental rate [would] be the market rate (at the time of the applicable extension) for a comparable apartment in the development plus a month-to-month premium of 1000." Kim testified that, "because the place was empty," other apartments in the complex were being rented at that time for $1,388 per month or $1,665 per month with two months free. The ledger amount, however, assumed that the "market rate" for the apartment was $2,388 and listed the amount due for each month after the lease expired as $3,388.[4] The landlord presented no other evidence to prove the "market rate" for "a comparable apartment in the development." Nonetheless, judgment entered against the defendants for $56,760 plus costs, representing the amount due in rent according to the ledger. Because the

_____

[3] Although both Kim and Hwang were tenants under the lease, Hwang did not live at the apartment, and there is no evidence that he made any rent payments.
[4] The ledger originally listed the rent due each month after the lease expired as $2,666, but the assistant property manager later "corrected" those entries to reflect $3,388 in rent due each month.

3

inadmissible ledger was the only basis for this calculation of damages, the judgment for damages must be reversed.

Judgment for possession, however, may stand because there is no dispute that the defendants owed a considerable amount of unpaid rent. Kim admitted that she paid only $6,000 between April 2020 and the trial, which is well below the amount she owed in overdue rent under any view of the evidence. Even if the ledger had been excluded, the judgment for possession would have stood. Accordingly, the error was not prejudicial to the judgment for possession.

2. Late jury trial request. "The provisions of Mass. R. Civ. P. 38 shall apply [to summary process actions] insofar as jury trial is available in the court where the action is pending, provided that," amongst other conditions not relevant here, "in cases commenced in a court where jury trial is available, a demand for jury trial shall be filed with the court no later than the date on which the defendant's answer is due." Rule 8 of the Uniform Summary Process Rules (1980). "Generally, the right to a jury trial may be waived by failure to make a timely demand." CMJ Mgt. Co. v. Wilkerson, 91 Mass. App. Ct. 276, 282 (2017). See Mass. R. Civ. P. 38 (d), 365 Mass. 800 (1974). To the extent that relief from such waiver is permissible in a summary process action, see Mass. R. Civ. P. 39 (b), 365 Mass. 801 (1974) ("notwithstanding the failure of a

4

party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues"), the judge's discretion "is 'largely unlimited.'" Senior Hous. Props. Trust v. HealthSouth Corp., 447 Mass. 259, 270 (2006), quoting Reporters' Notes to Mass. R. Civ. P. 39 (b), Mass. Ann. Laws, Rules of Civil Procedure at 649 (LexisNexis 2005). Because the decision "rests with the trial judge," it "is subject to review only for an abuse of discretion." Calvao v. Raspallo, 92 Mass. App. Ct. 350, 352 (2017). We discern none.

Here, the tenants' answer was due three days before the mediation. See Housing Court Standing Order 6-20(2)(a)(v) (2020).[5] The defendants filed neither an answer nor a jury demand by that deadline. A motion judge allowed the defendants to file a late answer but not a late jury demand. That decision was well within the judge's discretion. See Arthur D. Little, Inc. v. Commissioner of Health & Hosps. of Cambridge, 395 Mass. 535, 544 (1985) (contention that judge should have granted jury

---

[5] Standing Order 6-20 subsequently was amended; at the relevant times Standing Order 6-20(2)(a)(v) provided, "Answers in pending and new summary process cases shall be due no later than three (3) business days before the date of the first-tier court event. An Answer that is filed in accordance with this Order shall be deemed timely, including in a pending case. An Answer that is not filed in accordance with this Order shall be left to judicial discretion and determination."

trial where it was waived under the applicable rule "meritless").

Although the tenants argue that the motion judge failed to exercise discretion at all, we are not persuaded. The landlord did not oppose the request on the ground that it was outside the judge's authority but rather that she should exercise her discretion to deny the request because it "would be a delay tactic that's unnecessary and prejudicial" in light of the tenants' nonpayment of rent. Although the judge described the state of law "back in normal times," she described no legal impediment to her granting relief, if she so chose, under the standing order. Accordingly, we discern no abuse of discretion. See Diamond v. Pappathanasi, 78 Mass. App. Ct. 77, 99 (2010).

3. Notice. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Andover v. State Fin. Servs., Inc., 432 Mass. 571, 574 (2000), quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). A tenant receives notice of an eviction action first through a notice to quit (before the landlord files a summary process action) and second when the landlord serves a "summons and complaint." Adjartey v. Central Div. of the Hous.

6

Court Dep't, 481 Mass. 830, 835 (2019). If the landlord does not properly serve the summons and complaint, and the tenant does not receive actual notice, the tenant may have a due process defense against enforcement of a default judgment. See Cassouto-Noff & Co. v. Diamond, 487 Mass. 833, 836 (2021) ("Due process is a constitutional baseline; judgments cannot be enforced unless it is satisfied"). Where, however, the tenant receives actual notice of the action notwithstanding improper service, "the defense of 'insufficiency of service of process . . . is waived . . . if it is neither made by motion . . . nor included in a responsive pleading.'" Raposo v. Evans, 71 Mass. App. Ct. 379, 383 (2008), quoting Mass. R. Civ. P. 12 (h) (1), 365 Mass. 757 (1974). Cf. Cambridge St. Realty, LLC v. Stewart, 481 Mass. 121, 127 (2018) (noting that tenant waived challenge to adequacy of notice to quit by failing to object at trial).

Here, the record reflects that Hwang had actual notice of the action several months before the November 2021 trial because he signed a notice of limited appearance for an attorney who appeared on both tenants' behalf in February 2021. Despite this actual knowledge, Hwang did not challenge the service of process or the adequacy of the notice to quit until after the trial.

The motion judge properly denied Hwang's late challenge to service of process as waived.[6]

4.  Conclusion.  So much of the order entered February 11, 2022, as denied the defendants' motions to vacate and dismiss and for new trial is affirmed.  So much of the judgment as awarded monetary damages to the plaintiff is vacated, and the matter is remanded for a new trial as to damages only.  In all other respects the judgment, including so much of the judgment as awarded possession to the plaintiff, is affirmed.

So ordered.

By the Court (Ditkoff, Englander & Walsh, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  December 18, 2023.

---

[6] To the extent that Hwang's argument on appeal is that the Housing Court lacked personal jurisdiction over him, that argument is waived too because Hwang did not timely raise it in the Housing Court.  See Raposo, 71 Mass. App. Ct. at 383 n.15.  In any event, we note that Hwang was a signatory to the lease for a Massachusetts property, and that this summary process action arises out of the lease.

[7] The panelists are listed in order of seniority.